# United States District Court
# For the District of Puerto Rico

_____

NO. PR 22-01102 (FAB)

_____

JUAN CARLOS BALCELLS GALLARETA

Debtor,

_____

TRUSTEE FOR THE ESTATE OF JUAN CARLOS BALCELLS GALLARETA

Trustee - Appellant,

v.

AMARILIS GONZALEZ GARCIA

Creditor - Appellee

**<u>BRIEF FOR APPELLANT TRUSTEE FOR THE ESTATE OF JUAN CARLOS
BALCELLS GALLARETA</u>**

**June 17, 2022**

*Counsel for Trustee for the Estate of Juan Carlos Balcells Gallareta*

Godreau & Gonzalez Law, LLC
Rafael A. Gonzalez-Valiente, Esq.
P.O. Box 9024176
San Juan PR, 00902-4176
(787)726-0077
*rgv@g-glawpr.com*

## <u>TABLE OF CONTENTS</u>

I.      *Basis of Appellate Review*……………………………………………….      1

II.     *Issues Presented for Review and Applicable Standard* ……………….      1

III.    *Statement of the Case* …………………………………………………….      1-3

IV.     *Statement of Uncontested Facts Relevant to the Issues* ……………….      3-7

V.      *Summary of the Argument*………………………………………………      7-9

VI.     *Argument*…………………………………………………………………      9
    A.   *Whether the Bankruptcy Court erred in denying the Trustee request
    to sell the estate property*………………………………………………      9-17
    B.   *Whether the Bankruptcy Court erred in stating that Ms. Amarilis
    González has standing to pursue claim #5 or is the proper 'owner' of
    the claims*………………………………………………………………      17-21
    C.   *Whether the Bankruptcy Court erred in dismissing the adversary
    proceeding*………………………………………………………………      18-21
    D.   *Whether the Bankruptcy Court erred in denying Trustee's Motion for
    Summary Judgment* ……………………………………………………      21-22

VII.    *Conclusion*………………………………………………………………      22-23

VIII.   *Prayer for Relief* ………………………………………………………      23

# TABLE OF AUTHORITIES

**I.     Federal Cases**                                                      **Page**

_Álvarez v. Aponte_, 83 P.R.R. 595 (1961) ………………………………….  20, 21

_Associated Gen'l Contractors v. Metro. Water Dist._, 159 F.3d 1178, 1181
(9th Cir. 1998)……………………………………………………………….  22

_Coan v. Bernier (In re Bernier)_, 176 BR 976 (D. Ct. 1995) ……………...  9, 12, 14, 15

_Conti v. Laroque_ (_In re Heinze_), No. 02-83050C-7D, 2008 Bankr. LEXIS     8
4549, 2008 WL 3200216, at *2 (Bankr. M.D.N.C. Aug. 1, 2008) ………….

_Desmond v. Edrissin (In re Al-Idrisi),_ 634 B.R.174, 183, 2021 Bankr. LEXIS
3123, *18, 2021 WL5285095…………………………………………………...  8

_Ford v. Duggan (In re Duggan_), 571 B.R. 1, 10, 2017 Bankr. LEXIS 1309,
*19, 2017 BNH 006 ………………………………………………………….  8

_Gazes v. Rosewick (In re Roswick),_ 231 BR 843 (Bankr. S.D.N.Y. 1999)  12

_Gray v. Burke_ (_In re Coletta Bros. of N. Quincy, Inc._), 172 BR 159, 165
(Bankr. D. Mass. 1994) …………………………………………………….  7, 11

_In re Boyd,_ 31 R 591 (D. Minn 1983) ……………………………………….  19

_In re Farmers' Co-op of Arkansas & Oklahoma, Inc._, 43 BR 619 (Bankr.
WD Ark, 1984)………………………………………………………………  17

_In re Morrison_, 555 F.3d 473 (5th Cir. 2009) ……………………………...  1

_In re Brollier_, 165 B.R. 286 (Bankr. W.D. Okla. 1994) ……………………  10

_In re DeVanzo_, No. 808-75665-REG, 2010 Bankr. LEXIS 1557, 2010 WL
1780038, at *2 (Bankr. E.D.N.Y. May 3, 2010)..........................................  10, 12

_In re Jackson_, 2003 Bankr. LEXIS 953, 2003 WL 21991629, at *4………..  8

_In re Murray_, 31 BR 499 (Bankr. ED Pa. 1983) ………………………...  10

_In re Persky_, 893 F.2d 15, 21 (2d Cir. 1989) ……………………………...  11, 12

*In re Richter*, 478 B.R. 30 (2012) …………………………………………...    18

*In re Rockefeller Ctr. Props.*, 272 BR 524 (Bankr. NDNY, 2000) …………..    17

*In re Sanchez*, 604 BR 643 (2019) ……………………………………………    7, 9, 10

*In re Waxman*, 128 B.R. 49 (Bankr. E.D. N.Y. 1991) ………………………    10

*Kendall v. Visa U.S.A., Inc.*, 518 F.3d 1042, 1047 (9th Cir. 2008) …………    22

*Messer v. Wei Chu (In re Xiang Yong Gao)*, 560 BR 50 (Bankr. E.D.N.Y. 2016) ……………………………………………………………………………    10, 12

*Padilla v. Yoo,* 678 F.3d 748, 757 (9th Cir. 2012)…………………………...    22

*Price v. Harris (In re Harris)*, 155 BR 948 (E.D. Va. 1993) ………………    12, 16

*Riley v. Anketell* (*In re Anketell*), 2018 Bankr. LEXIS 2971 (E.D. Ma. 2018)    8, 11

*Stern v. Molano (In re Devanzo)*, 2010 Bankr. LEXIS   1557 (E.D.N.Y. 2010) …………………………………………………………………………...    12

*United States v. Luna*, 436 F.3d 312, 314 (2006) ……………………………    1

*Vázquez v. Santos*, 49 P.R.R. 298 (1935) ……………………………………..    20, 21

*Watson v. Weeks*, 436 F.3d 1152, 1157 (9th Cir. 2006) ……………………    22

**II.**     **Federal Laws**                           **Pages**

11 USC §§ 348, 704(a)(5) …………………………………………………...    7, 9

28 U.S.C. §1291………………………………………………………………...    1

48 U.S.C. §2166(e)(2) …………………………………………………………    1

Bankruptcy Code § 363(h)………………………………………………………    2, 3, 5, 7-10, 12, 14, 15, 17, 21-22

Bankruptcy Code § 363(h)(3) …………………………………………………    7, 9-13

Bankruptcy Code § 363 (i) ……………………………………………………    2, 10, 12, 16

Bankruptcy Code §502(a)……………………………………………..     17, 18

Bankruptcy Code §502 (b)(1) …………………………………………     18

Bankruptcy Code § 704(a)(5) ………………………………………..     18

### III.    State Cases                                                    **Pages**

_Key Nieves v. Oyola Nieves_, 116 D.P.R. 261 [16 P.R. Offic. Trans. 321]   20, 21
(1985) ………………………………………………………………

_Rosario v. Ramos_, 134 D.P.R. 3 (1993) …………………………………..   20, 21

_Sotomayor vs. Colón Cruz_, 2009 TSPR 134 (2009) ………………………...   20, 21

### IV.    State Law                                                      **Pages**

Puerto Rico's Civil Code, chapter 247 (31 L.P.R.A. §§ 971) ………………   19-20

Puerto Rico's Civil Code, chapter 109 (31 L.P.R.A. §§ 911-916) …………   20

Puerto Rico's Civil Code, chapter 240, 246, and 247 (31 L.P.R.A. §§ 932,
955, and 971) ……………………………………………………………..   20

### V.    Publication                                                     **Pages**

Brian A. Garner, Black's Law Dictionary (10th Ed. Thomson Reuters,
2014) …………………………………………………………………..   18

TO THE HONORABLE COURT:

Comes now, NOREEN WISCOVITH-RENTAS, AS TRUSTEE FOR THE ESTATE OF JUAN CARLOS BALCELLS GALLARETA (the "APPELLANT" OR "TRUSTEE"), most respectfully states and prays:

## I.      *Basis of Appellate Review:*

This Honorable Panel has jurisdiction over this appeal pursuant to 48 U.S.C. §2166(e)(2) and 28 U.S.C. §1291. The order appealed from is the "*Minute of Proceeding: Order*"[1], and the "*Judgment*"[2] both entered by Honorable Mildred Cabán Flores on February 9th, 2022.

## II.     *Issues Presented for Review and Applicable Standard:*

A. *"Whether the Bankruptcy Court erred in denying the Trustee request to sell the estate property."*

B. *"Whether the Bankruptcy Court erred in stating that Ms. Amarilis González had standing to pursue claim #5 or is the proper 'owner' of the claim."*

C. *"Whether the Bankruptcy Court erred in denying Trustee's Motion for Summary Judgment."*

D. *"Whether the Bankruptcy Court erred in dismissing the adversary proceeding."*

"A bankruptcy court's findings of fact are subject to review for clear error, and its conclusions of law are reviewed *de novo*." *In re Morrison*, 555 F.3d 473, 480 (5th Cir. 2009). An appellate court reviews a district court's legal conclusions de novo.  *United States v. Luna*, 436 F.3d 312, 314 (2006).

## III.    *Statement of the Case:*

The Trustee for the Bankruptcy Estate of Juan Balcells has been unable to finalize the distribution of assets and discharge the Debtor since the main asset, Debtor's prior residential property, has been held hostage by creditor ex-wife in a zealous attempt to penalize Debtor, receive more than she is entitled to and collect what legally belongs to others.

---

[1] See App. Ap. pp. 371 – Minute Proceeding of Adversary Case
[2] See App. Ap. pp. 372 – Judgement of Adversary Case

On August 8th, 2011, Debtor filed for bankruptcy after a devastating divorce and financial disaster. Noreen Wiscovitch Rentas was appointed trustee for the Estate of Juan Carlos Balcells Gallareta. Trustee for the estate of Juan Balcells has been in charge of liquidating Debtor's assets and distributing said assets to creditors according to the Bankruptcy Code.

The instant appeal stems from the dismissal of an adversary proceeding filed by the Trustee pursuant to §363(h) of the Bankruptcy Code.  Section 363(h) of the Bankruptcy Code provides that the trustee may sell a property that is jointly held by the Debtor and a non-debtor third party. The non-debtor third party receives whatever equity he/she/it is entitled to and the Debtor's portion is used to satisfy the estate's creditors.

It is important to note, that the Bankruptcy Code requires that the Trustee request permission of the Bankruptcy Court to effectuate a sale of any property.  In other words, after completion of the §363(h) process, the Trustee would need to file a motion informing of the all the details of the sale and requesting permission to sell the property.  Any party in interest can object to the sale or the terms if he/she understands that the sale will not result in benefit for the estate.  The Adversary Proceeding pursuant to §363(h) only allows for the possibility of a sale, but does not grant permission to effectuate an actual sale.  Moreover, §363(i) provides for the co-owner to exercise a "right of first refusal", allowing them to retain the property by paying the Estate the amounts that the Estate would receive from the sale.

On May 30th, 2014 an Adversary Proceeding was filed to request permission to proceed with the sale of the property in question to be able to pay the amounts owed as a DSO and distribute the surplus to other creditors.

The resolution of the amounts allegedly owed as a Domestic Support Obligation (DSO) from 2011, Claim No. 5-2 (a claim that has been objected due to the fact that the claimant no longer

has standing to pursue the amounts owed and as to the amount allegedly owed) and the value of the property are the principal obstacles to concluding the adversary proceeding and distribution of the assets in this bankruptcy proceeding.  In other words, the stumbling block is whether the sale of the co-owned property will result in a benefit to the estate and its creditors.

The Bankruptcy Court fails to accept that the sale of the residential property will provide for the payment of the DSO and at least some of the amounts owed to other creditors.  Debtor's ex-spouse continues her attempt to claim what is not rightfully hers (her children's DSO) and refuses to allow the sale of the only asset that will finally allow distribution to creditors of the estate and the closing of the Debtor's bankruptcy.  Debtor's ex-spouse has been obstructing bankruptcy's main purpose of paying creditors and giving a debtor a fresh start for 11 years.

The Honorable Judge Mildred Cabán Flores dismissed the adversary proceeding by ruling that the trustee did not meet the necessary burden to show the benefit of the state according to 363(h), and stated that the detriment to the ex-spouse outweighs the benefit to the estate.  Trustee appeals from said Order[3], dismissing the adversary proceeding and Judgment[4].

The Bankruptcy Court erred in concluding that Trustee did not meet the burden of proof necessary to proceed with the possible sale of the property and dismissing the adversary proceeding.

### IV.   _Statement of Uncontested Facts Relevant to the Issues_:

1)    Juan Carlos Balcells Gallareta, Debtor, and Defendant were married and formed a conjugal partnership.[5]

2)    Debtor and Defendant filed for divorce at the First Instance Court of Bayamon, Case #DDI2006-4055.[6]

---

[3] See App. Ap. pp. 371 – Minute Proceeding of Adversary Case
[4] See App. Ap. pp 362 – Judgement of Adversary Case
[5] See App. Ap. pp. 1. – Title Study

3)      During their marriage, Debtor and Defendant obtained the property[7] described in the
Registry of the Property as follows:

> ---URBANA: Solar radicado en la Urbanización Villas Reales,
> localizada en el Barrio Santa Rosa del término municipal de
> Guaynabo, Puerto Rico, que se describe en el plano de inscripción,
> con el número, área y colindancias que se relacionan a
> continuación: Número del solar: 33-E. Área del solar 375.42
> metros cuadrados. En lindes: por el NORTE, en una distancia de
> 25.07 metros lineales, con el solar número 32 del mismo bloque;
> por el SUR, en una distancia de 25.00 metros lineales, con el solar
> 34 del mismo bloque; por el ESTE, en dos alineaciones continuas
> que suman según plano 15.00 metros lineales, con parcela de uso
> público; y por el OESTE, en una distancia de 15.00 metros
> lineales, con l acalle número 7 de la urbanización, también
> conocida como Calle Versalles. Enclava una casa de concreto para
> fines residenciales.------------------------------------------------------
> ---The above described property is registered at page 250 of
> volume 1197 of Guaynabo, Property #41,852 of the Registry of the
> Property of Guaynabo.-------------------------------------

4)      The above-described property has a valid and perfected mortgage lien in favor of Banco
Popular, as they appear from the Registry of the Property.[8]

5)      Mrs. Amarilis González García, together with the Debtor in this case, are jointly liable
for the outstanding secured claims due to the holder of the mortgage note and/or of any other
secured and/or unsecured claims, if any.[9]

6)      The Court of Bayamon granted Debtor's and Defendant's divorce, but did not divide or
adjudicate the assets of the community property, including the aforementioned property.[10]

7)      The Court of Bayamon did order both, Debtor and Defendant, to pay in equal amounts
the mortgage in favor of Banco Popular.[11]

---

[6] See App. Ap. pp. 2-13 – Pension Judgment
[7] See App. Ap.  pp. 1 – Title Study
[8] See App. Ap. pp.1 – Title Study; App. Ap.  pp. 14-27 – Adversary Proceeding Banco Popular Puerto Rico; App. Ap. pp.28-46 – Motion for Relief from Stay
[9] App. Ap.  pp. 14-27 – Adversary Proceeding Banco Popular Puerto Rico; See App. Ap. pp. 376-391 Amended Proof of Claim 2 on Lead Case 11-06637; & App. Ap. pp.28-46 – Motion for Relief from Stay
[10] See App. Ap.  pp. 2-13 – Pension Judgment
[11] See App. Ap. pp. 60 – Minute Resolution of Case DDI2006-4055

8)      On August 5, 2011, Debtor filed the instant Chapter 7 bankruptcy petition.[12]

9)      On May 30, 2014, Plaintiff filed an adversary proceeding, pursuant to 11 U.S.C. §363(h), to request permission for sale of debtors' ex-residential property.[13]

10)     On July 10, 2015, Banco Popular requested the relief from the automatic stay of the above-described property.[14]

11)     Banco Popular filed a foreclosure proceeding at the First Instance Court of Guaynabo.[15]

12)     Mrs. Amarilis González García stopped making payments to Asociación de Residentes de Villas Reales Inc.[16]

13)     On the Minute of the hearing on June 8, 2015, for the Divorce State Case No. D DI2006-4055, it was stated that the mortgage payment amount that was to be paid by Debtor was of $540.00 a month.[17]

14)     On same Minute it is also stated that Mrs. González García owed part of the mortgage payments for the months of December, January, February and March of 2014, besides the full amount of April and May 2015, because Mrs. González García allegedly stated that she needed the money for school related issues.[18]

15)     Mrs. González García has failed to pay in part or all of the mortgage payments (included in the DSO payments of Debtor) since December 2014, when at the time she was supposed to be consigning the said amount at the Courthouse.[19]

16)     The Court stated that Mrs. González García had to pay the owed amounts for the months of December, January, February and March, and the full amounts of April through June 2015.[20]

---

[12] See App. Ap. pp. 392-436 - Chapter 7 bankruptcy petition
[13] See App Ap. pp. 223-228 – Adversary Proceeding
[14] See App. Ap. pp. 28-46 – Motion for Relief of Stay.
[15] See App. Ap. pp. 14-27 – Adversary Proceeding Banco Popular
[16] See App. Ap. pp. 28-46 – Motion for Relief of Stay
[17] See App. Ap. pp. 374 – Minute of Hearing on June 8, 2015 on Case DI2006-4055
[18] See App. Ap. pp. 374 – Minute of Hearing on June 8, 2015 on Case DI2006-4055
[19] See App. Ap. pp. 374 – Minute of Hearing on June 8, 2015 on Case DI2006-4055

17)     Also, on said Minute it is stated that a letter came from Colegio San Ignacio informing that a debt of $3,225.00 existed. According to the divorce settlement it was the responsibility of Mrs. González García to make the payments to the school.[21]

18)     Mrs. González García stated that she used the money of the mortgage for graduation costs.[22]

19)     On March 27th, 2019, an Objection to Claim #5 was filed.[23]

20)     On September 20th, 2019, an Objection to Amended POC 5-2 and its correction were filed.[24]

21)     On November 19th, 2019, a Reply to the Response to Opposition to Objection to Claim 5-2 was filed.[25]

22)     On February 19th, 2020, an Order granting 60 days to conclude discovery was entered.[26]

23)     Interrogatories were sent to counsel for creditor at the time on May 2020.[27]

24)     On June 3rd, 2021, Trustee filed the ordered Amended Objection to Claim 5-2, and Summary Judgment in support of the Objection.[28]

25)     On July 6th, 2021, again after the given time had elapsed and without any duly request for an extension of time, Mrs. González García filed an opposition to the motion for summary judgment.[29]

26)     Mrs. González García, neglects to follow the applicable rules or court orders even though she is an attorney and not a layman.[30]

---

[20] See App. Ap. pp. 374 – Minute of Hearing on June 8, 2015 on Case DI2006-4055
[21] See App. Ap. pp. 375 – Minute of Hearing on June 8, 2015 on Case DI2006-4055
[22] See App. Ap. pp. 374 – Minute of Hearing on June 8, 2015 on Case DI2006-4055
[23] See App. Ap. pp. 108-110 – Objection to Claim #5-1
[24] See App. Ap. pp. 111-174 – Objection to Claim #5-2 & See App. Ap. pp. 125-140 – Opposition to Claim #5-2
[25] See App. Ap. pp. 141-150 – Reply to Response in Opposition to Objection Claim #5-2
[26] See App. Ap. pp. 151 – Minute Proceeding February 19, 2020
[27] Granted time was continued due to the COVID-19 Pandemic Emergency and Lockdown on the island.
[28] See App. Ap. pp. 172-183 – Amended Objection to Claim #5-2; See also App. Ap. pp. 184-222 – Motion Requesting Entry of Summary Judgment.
[29] See App. Ap. pp. 447, p.36 & pp.454, p.62 - Opposition to the Motion for Summary Judgment.

27)   Mrs. González García has used all type of tactics to delay these proceedings, including but not limited to refusal to allow the showing of the property to prospective buyers, refusal to the sell property, continuous change of counsels, incompliance with court orders to obtain counsel within a given time frame, and not appearing at hearings without excuse.[31]

28)   Mrs. González García has changed counsels a number of times.[32]

29)   As of July 28th, 2021, the property has a value of $246,000.00.[33]

30)   The lien on the property to that same date is from Banco Popular of Puerto Rico in the amount of $38,627.07.

## V.   *Summary of the Argument:*

In cases under chapter 7, a trustee is appointed and tasked with taking possession of all non–exempt assets of the estate and administering them for the benefit of creditors. 11 U.S.C. §§ 348, 704(a)(1). Section 363(h) permits a trustee to sell, both, the estate's interest as well as the interest of a co–owner of a jointly owned property, if, at the commencement of the case, the debtor held an undivided interest in the property as a tenant in common, joint tenant, or tenant in the entirety, provided that several conditions are met. 11 U.S.C. § 363(h). *In re Sanchez*, 604 BR 643 (2019).

The application of §363(h)(3) involves a shifting burden. The trustee bears the initial burden to show that the sale of the property free of the defendant's interest would produce a benefit to the estate: that the estate's share of the net proceeds would exceed existing liens on the debtor's interest in the property. *Gray v. Burke* (*In re Coletta Bros. of N. Quincy, Inc.*), 172 BR

---

[30] On November 5th, 2011, Mrs. González was denied a motion for extension of time to oppose discharge due to the fact that she filed the extension after the time for the due date to oppose had elapsed. Dkt.68.

[31] E.i. "Minutes of Proceedings. Amarilis González García was duly notified of the hearing but did not attend. ORDER: The Chapter 7 Trustee is granted 30 days to file an amended objection to the proof of claim #5-2 and a motion for summary judgment on the legal issue related to the objection to claim #5-2. Any party that wishes to respond will have 30 days thereafter." &, on November 5th, 2011, Mrs. González was denied a motion for extension of time to oppose discharge due to the fact that she filed the extension after the time for the due date to oppose had elapsed. Dkt.68.  See also, App. Ap. IX, pp. 3-11.

[32] See App. Ap. pp. 96-107 – Motions of Notice of appearance and Motions to withdraw legal representation.

[33] See App. Ap. pp. 70-89 – Restricted Appraisal Report Residential Property 381 Via Versalles St., Villas de Reales Dev., Guaynabo, Puerto Rico.

159, 165 (Bankr. D. Mass. 1994). Once the trustee demonstrates a benefit to the estate, the burden shifts to the defendant to show that the sale would produce a detriment to her. *Id*. If the defendant shows a detriment, the burden shifts back to the trustee, who must show that the benefit outweighs the detriment. Id. *Riley v. Anketell* (*In re Anketell*), 2018 Bankr. LEXIS 2971 (E.D. Ma. 2018).

"The burden of proof is on the [Trustee] to **establish these conditions by a preponderance of the evidence**." *Conti v. Laroque* (*In re Heinze*), No. 02-83050C-7D, 2008 Bankr. LEXIS 4549, 2008 WL 3200216, at *2 (Bankr. M.D.N.C. Aug. 1, 2008). *Desmond v. Edrissi* (*In re Al-Idrisi*), 634 B.R. 174, 183, 2021 Bankr. LEXIS 3123, *18, 2021 WL 5285095 [Emphasis ours.] "Not surprisingly, the balancing of the detriment to a co-owner versus the benefit to the estate is a fact sensitive analysis that is decided on a case-by-case basis." *In re Jackson*, 2003 Bankr. LEXIS 953, 2003 WL 21991629, at *4. *Ford v. Duggan (In re Duggan*), 571 B.R. 1, 10, 2017 Bankr. LEXIS 1309, *19, 2017 BNH 006.

This is precisely the issue on the case at hand. Trustee has demonstrated the benefit the sale of the property would bring to all creditors by demonstrating that there is substantial equity in the property. Nevertheless, creditor/ex-spouse has not shifted the burden back to the Trustee with allegations of why it would be detrimental to her the sale of the property *aside from alleging that the property would be sold and she would need to acquire a new property to live in*.

A court's decision to allow a §363(h) sale is an equitable judgment that is discretionary and fact driven. *Riley v. Anketell* (*In re Anketell*), *supra*. Mrs. González García has not presented evidence of the alleged hardships she will suffer if the property is sold. In fact, she has not even listed what the supposed hardship entails other than having to move out and having to obtain another property to live in. Moreover, Mrs. González García has omitted her duties to maintain

the property in good condition. Mrs. González García has used multiple delaying techniques to prevent the sale of the property, that ultimately, will also benefit her adult children.

"In sharp contrast, the trustee would have no funds for distribution without a sale of the property under § 363(h). It is therefore apparent that the benefit to the estate outweighs the alleged detriment to the defendant. Accordingly, the § 363(h)(3) test has been satisfied." *Coan v. Bernier* (*In re Bernier*), *supra*.

The payments resulting in a dividend to unsecured creditors from the sale of estate property constitutes a substantial benefit to the estate (other creditors, administrative expenses, the adult children, amongst other) that outweighs the alleged detriment to Mrs. González García. A detriment that has not even been put forth and/or evidenced in any way.

## VI.     *Argument:*

### A.   *"Whether the Bankruptcy Court erred in denying the Trustee request to sell the estate property."*

In cases under chapter 7, a trustee is appointed, tasked with taking possession of all non–exempt assets of the estate and administering them for the benefit of creditors. 11 U.S.C. §§ 348, 704(a)(1). Section 363(h) permits a trustee to sell both the estate's interest as well as the interest of a co–owner of the property, if, at the commencement of the case, the debtor held an undivided interest in property as a tenant in common, joint tenant, or tenant in the entirety, provided that several significant conditions are met. 11 U.S.C. § 363(h). *In re Sanchez*, *supra*.

There are four circumstances where trustee is authorized to sell a property under §363(h), "(1) a partition in kind of a property among the estate and any co–owners is impracticable; (2) the estate would realize significantly less from a sale of the estate's undivided interest than from a sale of the property free of the co–owners' interests; (3) the benefit to the estate from the property's sale outweighs any detriment to the co–owners; and (4) the property "is not used in the

production, transmission, or distribution, for sale, of electric energy or of natural or synthetic gas for heat, light, or power." *In re Sanchez*, *supra*.

"Code §363(h)(3) requires a balancing of the benefit to the estate of a sale free and clear of the co-owners' interest against the detriment such a sale would cause the co- owner to suffer." *Messer v. Wei Chu (In re Xiang Yong Gao)*, 560 BR 50 (Bankr. E.D.N.Y. 2016) "It is axiomatic that the Trustee must at the outset establish that the proposed sale does in fact create a benefit to the estate." *In re DeVanzo, No. 808-75665-REG, 2010* Bankr. LEXIS 1557, 2010 WL 1780038, at \*2 (Bankr. E.D.N.Y. May 3, 2010). "Such benefit may be established ***through proof that the estate's portion of the net proceeds of the sale will exceed existing liens*** on the Debtor's interest in the property." *Messer v. Wei Chu (In re Xiang Yong Gao)*, *supra*. *[Emphasis added]*

In *In re Murray*, 31 BR 499 (Bankr. ED Pa. 1983) the Court permitted the "sale of property which is jointly owned without regard to consent ***or applicable non-bankruptcy law***."[34] 11 USC 363(h). [*Emphasis added*] "If the asset was community property, the debtor's spouse also has the right to purchase the asset but has no right to prevent the sale on account of equitable considerations. 11 U.S.C. § 363(i)." *In re Brollier*, 165 B.R. 286 (Bankr. W.D. Okla. 1994); *In re Waxman*, 128 B.R. 49 (Bankr. E.D. N.Y. 1991)[4]

Nevertheless, even if the creditor were allowed to prevent the sale on account of equitable considerations, *which she cannot*, Mrs. González García wouldn't be able to allege them on the basis that she has acted in bad faith during the process.

"Equitable remedies are not granted to a party that fails to act in an equitable manner. See Richard Levin & Henry J. Sommer, 7 Collier on Bankruptcy ¶1112.07[3] (16th ed. 2018) ("As a general matter, bankruptcy relief is

---

[34] Mrs. Gonzalez Garcia's only defense is that she has a state law protection against the sale of the property due to an alleged homestead. It is clear that said protection does not apply in the instant proceedings.

equitable in nature, and, as a general   rule, equitable remedies are not available to any party who fails to act in an equitable fashion. As the Fifth Circuit noted, 'a good faith standard protects the jurisdictional integrity of the bankruptcy courts by rendering their powerful equitable weapons (i.e., avoidance of liens, discharge of debts, marshaling and turnover of assets) available only to those debtors and creditors with 'clean hands.'") (quoting, _Little Creek Dev. Co. v. Commonwealth Mortgage Corp_. (_In re Little Creek Dev. Co_.), 779 F. 2d 1068, 1072 (5th Cir. 1986)." _In re Betteroads Asphalt, LLC, 594 B.R. 516, 558 (Bankr. D.P.R. 2018)_

Mrs. González García has acted in bad faith during the whole bankruptcy proceeding, particularly the sale of the property which she has failed to maintained in good condition.

The application of §363(h)(3) involves a shifting burden. The trustee has the initial burden is to show that the sale of the property free of the defendant's interest would produce a benefit to the estate: that the estate's share of the net proceeds would exceed existing liens on the debtor's interest in the property. _Gray v. Burke (In re Coletta Bros. of N. Quincy, Inc.)_, 172 BR 159, 165 (Bankr. D. Mass. 1994).

Once the trustee demonstrates a benefit to the estate, the burden shifts to the defendant to show that the sale would produce a detriment to her. _Id._ If the defendant shows a detriment, the burden shifts back to the trustee, who must show that the benefit outweighs the detriment. _Id. Riley v. Anketell (In re Anketell)_, 2018 Bankr. LEXIS 2971 (E.D. Ma. 2018). Courts have defined "detriment" as economic hardship as well as any non-economic loss, harm, injury, or prejudice resulting from involuntary displacement.    _Riley v. Anketell (In re Anketell)_, _supra._ "Once it is established that a sale will benefit the bankruptcy estate, the burden would shift to the Defendant to demonstrate the detriment that would befall her upon the sale of her interest in the property. Both economic and non-economic detriment must be considered." _In re Persky_, 893 F.2d 15, 21 (2d Cir. 1989). "Under _Persky_, it is also necessary to consider non-economic detriment. 893 F.2d at 21. [Co-owner] has two school aged children who may be forced to

move if the House is sold to a third party. However, ***the presence of minor children, standing alone, is not sufficient to outweigh the benefit to the bankruptcy estate.***" <u>Messer v. Wei Chu (In re Xiang Yong Gao)</u>, *supra* (*citing* <u>In re Persky</u>, *supra*).  As the Court in <u>Price v. Harris (In re Harris)</u>, 155 BR 948 (E.D. Va. 1993) stated: "[I]t is not disputed that selling the property may impose some detriment on the non-debtor spouse. The possibility of displacement exists, and it may be assumed from this circumstance that [co-owner] would suffer emotionally and psychologically. However, little specific evidence on this point has been presented. Thus, the evidence actually establishes only *possible* detriment to [co-owner]." [Emphasis ours]

"As to the detriment to the defendant, ***<u>the substantial equity in the property</u>***, together with the defendant's income as disclosed at trial, would give her an adequate option of obtaining alternative housing or financing so that she could exercise her right of first refusal under §363(i)." <u>Coan v. Bernier (In re Bernier)</u>, 176 BR 976 (D. Ct. 1995).  "I do not hold that a court may only find that the detriment to the non-debtor outweighs the benefit to the estate where the non-debtor experiences a catastrophic condition.  I  do, however, believe  that  the non-debtor     must     ***<u>demonstrate some extraordinary circumstance, other than inconvenience or emotional attachment, to frustrate the trustee's attempt to sell property.</u>***" <u>Gazes v. Roswick (In re Roswick)</u>, 231 BR 843 (Bankr. S.D.N.Y. 1999) [Emphasis ours.][35]

Trustee explained to the Court in multiple occasions and motions the benefits that the sale of the property would bring to the estate, therefore to the creditors.[36] The only significant

---

[35] See also, "The Court finds that in a § 363(h) sale of real property held as tenants in common, economic detriment to the co-owner should be the prevailing factor. Where the only harm to the non-debtor is non-economic, the defendant has a higher burden to show extraordinary circumstances.  <u>Stern v. Molano (In re Devanzo)</u>, 2010 Bankr. LEXIS  1557 (E.D.N.Y. 2010).  "In sharp contrast, the trustee would have no funds for distribution without a sale of the property under §363(h). It is therefore apparent that the benefit to the estate outweighs the alleged detriment to the defendant. Accordingly, the § 363(h)(3) test has been satisfied." <u>Coan v. Bernier (In re Bernier)</u>, *supra*.

[36] See App. Ap. pp. 90-95 - Adversary Proceeding on Lead Case; See also App. Ap. pp. 223- 370 - Adversary Proceeding.

asset of the estate is the Villas Reales property.[37]

This property was appraised by the Trustee on 2018, and said appraisal indicated a value of $260,000.00 for the property without repairs. The appraisal on 2021, was for the amount of $246,000.00. The lien on the property amount to $38,627.07.[38] After paying that lien the equity on the property is $221,372.93, of which $110,686.47, belongs to the estate.

Asociación de Residentes de Villas Reales ("Asociación" or "HOA") argues it also has a lien over the property and an outstanding debt of $31,959.04. It is trustee's position that said debt is not secured since this is not condominium, and Asociación has not put forth any compelling argument to prove otherwise.[39] Notwithstanding, even after the payment of the mortgage AND the HOA fees allegedly secured by the property[40] and payment of the 50% interest of the spouse in the property, there would be $94,706.95 to be distributed to creditors.

This does not take into account the current market conditions which strongly suggest that the property could be sold for a price that far exceeds the old appraised value.

It is undisputed that the net proceeds of the sale far exceed the existing liens. That should end the analysis right there.  In accordance with §363(h)(3), the Trustee met its burden and the burden is now on the co-owner to establish that the detriment she would suffer outweighs the benefit to the estate.

On the other hand, Ms. González García has not provided any allegations, much less evidence, of a detriment aside from the fact that the property would be sold. The Court made

---

[37] See App. Ap. pp. 63-65 - Trustee's Individual Estate Property Report filed on April 29, 2020; See also App. Ap. pp. 152-154 Trustee Individual Property Record and Repost Asset filed on Lead Case.
[38] See App. Ap. pp.  377-391 Amended Proof of Claim2 – BPPR; & App. Ap. pp. 457 - Answers to Interrogatory and Production of Documents from April 16th, 2020, Mortgage Balance Sheet BPPR.
[39] See App. Ap. pp. 155-163 – Opposition to Motion to Dismiss; See also App. Ap. pp. 164-171 – Opposition to Motion for Relief of Automatic Stay.
[40] Appraisal of property on 2018 was $260,000.00 of which $130,000.00 belongs to the estate, minus $19,500.00 (mortgage) and $15,500.00 (maintenance fee) if attributed to estate, leaves $95,000.00 to distribute.

absolutely no finding of fact establishing what the alleged detriment is aside from the co-owner having to move.  It has been consistently been held that the sole fact that the sale will occur is not sufficient detriment to the co-owner to stop the sale. *Coan v. Bernier (In re Bernier)*, *supra*, (defendant testified to some degree of emotional stress, however, there was no evidence that that stress was entirely or even substantially due to the possibility of moving.) Mrs. González García has not presented any factual evidence of the alleged detriment the sale of the property may cause her or extraordinary circumstances. She has only argued that it would not provide benefit to the estate because of the DSO Claim.

The Court simply ruled that the amount of the DSO debt made the sale of the property burdensome to the debtor's ex-spouse.  This goes against the clear language of §363(h) and against the precepts of bankruptcy in general.  But in any event, since the proof of claim for the DSO has been objected to and has yet to be adjudicated, the amount owed as DSO has not been determined and this conclusion is, at best, premature.

Trustee seeks to sell the property listed above in order to distribute the resulting proceeds to the creditors of this Estate. Trustee states that to obtain benefit from the sale of this real property, it must be sold as a single unit and not only the percentage of interest held by the Estate.

The Trustee correctly argues that payments resulting in a dividend to general unsecured creditors from the sale of estate property constitutes a substantial benefit to the estate that outweighs the alleged detriment to the Mrs. González García, even more when she has not presented any proof of the alleged detriment she will suffer. Mrs. González García makes much ado about certain allegations of fraud against the Debtor.  But those allegations have not been found to be supported by any evidence, and even if true, would be against the Debtor himself

and are irrelevant to the §363(h) analysis. Mrs. González García has not presented any evidence either of extraordinary circumstances, other than allegations are based on heartbreak and revenge due to the divorce.[41] Even more, Mrs. González García is an attorney and has presented a monthly net income of $3,076.00[42], that in conjunction with her portion of the equity in the property (in excess of $94,000.00) would allow her to relocate easily.[43]

Even more, Mrs. González García has not been paying the mortgage on the property or HOA fee nor has she been maintaining the property in good condition.[44] The maintenance fee has accrued a debt of around $31,000.00, that would cause detriment to the estate and therefore the creditors, and the mortgage an outstanding balance of $38,627.07, as of April 16th, 2020, with additional arrears accumulating every day to the detriment of the Estate and its creditors.

Even after paying the 50% of the equity to the spouse and the debts that could be attributed to the property, there would be $94,706.95 to be distributed to creditors.[45] Trustee's Individual Estate Property Report shows that the real estate property is the only significant asset of the estate.[46]

Bankruptcy law lists priority claims by category[47], they get paid in order of importance. The Trustee will pay the claims according to their order of priority. This type of claims, are not erased after the bankruptcy discharge. A Domestic Support Obligation (DSO) is a first rank priority claim. In the case at hand, there is no sufficient funds in the estate to pay Claim number

---

[41] "While the defendant testified as to some degree of emotional stress, there was no evidence that that stress was entirely or even substantially due to the possibility of moving, and not due to other factors. There was no evidence of undue hardship to the defendant's one child." *Coan v. Bernier (In re Bernier), supra.*
[42] App. Ap. pp.6 – Pension Judgment.
[43]*v. Bernier (In re Bernier), supra.*
[44] See App. Ap. pp. 28-46 – Motion for Relief from Stay
[45] It is clarified that the Trustee understands that the HOA fees are not a secured claim over the property.
[46] App. Ap. pp. 63-65 – Trustee's Individual Estate Property Record and Report Asset Cases
[47] 11 USC sec. 507
(a)The following expenses and claims have priority in the following order:
(1) First:
(A)Allowed unsecured claims for domestic support obligations that, as of the date of the filing of the petition in a case under this title, are owed to or recoverable by a spouse, former spouse, or child of the debtor, or such child's parent, legal guardian, or responsible relative, without regard to whether the claim is filed by such person or is filed by a governmental unit on behalf of such person, on the condition that funds received under this paragraph by a governmental unit under this title after the date of the filing of the petition shall be applied and distributed in accordance with applicable non bankruptcy law.
(…)

5 completely. However, if the property is sold, there should be enough funds to pay the secured claims, the DSO, and even make a small distribution amongst lower ranking claims.

On the other hand, if the property is not sold, Mrs. González García will be keeping a property with an equity over $200,000.00, half of which belongs to the Estate, and will still be permitted to collect her DSO claim. Mrs. González García will be collecting the determined amount for the DSO, a claim that she has no standing to pursue, and at least $100,000.00 in equity, that belongs to the estate of Juan Carlos Balcells Gallareta.

If the decision of the Bankruptcy Court stands, it will lead to the absurd and inequitable result that defendant will get to retain the property, with its substantial equity (*both her own portion of the equity and the estate's portion*), and would also be entitled to distribution of all current funds held by the estate (the DSO Claim has a higher priority than that of regular creditors) which will deny all other creditors any chance of obtaining distribution.

The Bankruptcy Code includes a number of provisions designed to help the bankruptcy estate maximize its value so that the creditor body can recover as much as possible. The primary role of a trustee is to liquidate the debtor's nonexempt assets in a manner that maximizes the return to the debtor's unsecured creditors. This can be accomplished by selling the debtor's property free and clear of liens.

It should be noted that Mrs. González García has the right to first refusal pursuant to §363(i)[48]. So even if the Court is correct that Mrs. González García has a claim against the Estate (which is denied) she could use that claim to help her obtain the property in accordance with §363(i).   This would resolve the above referenced inequitable/illegal scenario where Ms. González would get to keep the part of the equity in the property that belongs to the Estate and

---

[48] 11 USC sec. 363(i) Before the consummation of a sale of property to which subsection (g) or (h) of this section applies, or of property of the estate that was community property of the debtor and the debtor's spouse immediately before the commencement of the case, the debtor's spouse, or a co-owner of such property, as the case may be, may purchase such property at the price at which such sale is to be consummated.

also have a claim against the Estate for the full alleged amount.

The above stated are the reasons why the adversary proceeding in this case was filed, and the object of section 363 of the Bankruptcy Code, to permit the sale of properties that would benefit the estate fully.

**B.** ***"Whether the Bankruptcy Court erred in stating that Ms. Amarilis González had standing to pursue claim #5 or is the proper 'owner' of the claim."***

**C.** ***"Whether the Bankruptcy Court erred in denying Trustee's Motion for Summary Judgment."***

Even though the Court's reasoning for dismissing the §363(h) complaint is faulty and should be overturned, this mistake is even more egregious given the fact that the DSO claim is owned by the adult children and not Ms. Gonzalez.  The Bankruptcy Court's held that since the DSO claim would have to be paid to Ms. Gonzalez anyway, there was no benefit for the Estate. But that holding is also mistaken, since as explained below, the DSO is owed to her children and not Ms. Gonzalez in her personal capacity.

Pursuant to Rule 3007 and 11 U.S.C. sec. 502(a) a properly filed claim is deemed allowed unless objected to. _In re Farmers' Co-op of Arkansas & Oklahoma, Inc._, 43 BR 619 (Bankr. WD Ark, 1984). Once an objector offers sufficient evidence to overcome the prime facie validity of a claim, a claimant is required to meet the usual burden of proof to establish the validity of its claim. _In re Rockefeller Ctr. Props._, 272 BR 524 (Bankr. NDNY, 2000).

According to Section 502(a) of the Bankruptcy Code, *supra*, in Chapter 7 cases such as the one at bar, among the duties of the Chapter 7 Trustee are to "examine proofs of claims and object to the allowance of any claim that is improper", pursuant to Section 704 (a)(5) of the Bankruptcy Code. 11 USC § 704(a)(5).

An improper claim is one that is not filed by the proper creditor. Mrs. González García is not the proper creditor on the claim she filed. Black's Law Dictionary defines improper as "Incorrect; unsuitable or irregular. Fraudulent or otherwise wrongful." Brian A. Garner, Black's Law Dictionary (10th Ed. Thomson Reuters, 2014)

"A challenge to the standing of a claimant in a bankruptcy case is a substantive objection under 11 USCS §502(b)(1), which provides that a claim may be disallowed to the extent the claim is unenforceable against the bankruptcy debtor under any applicable law, including state law. With respect to standing, an allegation essential to any claim is that the claimant is the proper party in interest." _In re Richter_, 478 B.R. 30 (2012).

"In a bankruptcy case, a challenge to standing is a substantive objection under 11 USCS §502(b)(1) because if a claimant has not proven it is the owner of a claim with a right to payment (_i.e._ the party with standing), the claim is unenforceable against the bankruptcy debtor under state law." _In re Richter_, _supra_.

"The Bankruptcy Code defines a 'creditor' as an 'entity that has a claim against the debtor that arose at the time of or before the order for relief', and defines a 'claim' as a 'right to payment…'" _In re Richter_, _supra_.

The Court in _In re Richter_ stated that:

"This Court is not alone in determining a challenge to standing is a substantive objection under §502(b)(1). In support of this conclusion, the U.S. Bankruptcy Court for the Northern District of Oklahoma explained: Debtors also allege that they have no liability on the claims as filed because Claimants have not proven they are the owners of the claims with a right to payment; that even if Claimants own the subject claims, Debtors dispute the amounts asserted in the proofs of claim; and that such claims are not enforceable under Oklahoma law. These objections are sufficient to prevent the claims from being deemed allowed under § 502(a), and to trigger Court determination of the claims under § 502(b)(1) . . . In the face of a substantive objection by a party in interest, the Court is required to determine the amount of each claim as of the petition date, and to allow the claim in that amount, except to the extent the claim is unenforceable against the debtor

or the debtor's property under applicable law. Claimants therefore must first establish that they hold enforceable claims against the respective Debtors."

*supra.*

**_Mrs. González does not comply with the statutory requirements_** of a party in interest according to bankruptcy court rulings. She has no legally protected interest that could be affected by the proceeding. She is not the claimant according to state law or the bankruptcy rules.

Trustee's substantive objection to claim 5-2, under §502 (b)(1) of the Bankruptcy Code meets the required burden of proof to overcome the *prima facie* validity of a claim.

As of today, Mrs. Amarilis González García is not owed *ANY* money by the Estate, **_her adult children are_**.  Thus, Mrs. González García has no standing to file the Proof of Claim and it must be disallowed in full. Moreover, Mrs. González García has not been hired or designated by her adult children to represent them as counsel in respect to the claim.

It is black letter law that all family decisions in a Bankruptcy Court will be based on state family law. The Bankruptcy Court in *In re Boyd* stated that:

> "The laws of marriage and divorce, and the property divisions incident thereto, belong uniquely to the several states. Federal courts have traditionally abstained when faced with family law questions and when a bankruptcy judge is presented with a bankruptcy that is primarily caused by the liability imposed by a divorce, the bankruptcy judge should give serious consideration to abstaining."

31  R. 591 (D. Minn. 1983)

Puerto Rico's Civil Code, in its article 247 (31 L.P.R.A. sec. 971), states that adulthood is reached at 21 years old. Therefore, Defendant lacks judicial standing to claim and/or receive any DSO payments since both "children" are adults with capacity to claim, receive and manage their child support payments.

> "[O]nce children are emancipated, they have the capacity to represent their own interests in court, not being able their parents to do so from that

moment on.  In the case of due or overdue alimony, the parent does not have the legitimacy to represent his adult child (entitled to the alimony) or to continue the action to collect the unsatisfied amounts, even if the parent initiated the action originally." *Sotomayor vs. Colón Cruz*, 2009 TSPR 134 (2009). [*Translation ours.*]

"In the case of alimony that is due or in arrears, the parent does not have the legitimacy to represent his child who has reached the majority of age or to continue the action to collect the unsatisfied amounts, even if it was the parent who initiated the action originally." *Sotomayor vs. Colón Cruz*, *supra.* [*Translation ours.*]

The Puerto Rico's Supreme Court further interpreted that:

"The action for collection of past-due support owed to minor, unemancipated children is undoubtedly one in which the father or mother with *patria potestas* and custody of the children is perfectly entitled to represent said minors. However, even when an action falls within the scope of that duty or power of representation, its exercise by the parent will depend on the validity of the legal status on which his or her power of representation rests. That is, the father or mother may only represent his or her child while the latter is under his or her *patria potestas*. Once *patria potestas* ends for any of the reasons listed in the Code, or once it is taken away or suspended by the court, the parents' power of representation over their children ends, unless the Code should expressly provide otherwise. See, Puig Brutau, *supra*, at 274-279." *Rosario v. Ramos*, 134 D.P.R. 3 (1993).

"Once the children are emancipated (unless such emancipation is granted by the parents under the provisions of chapter 109 of the Civil Code, 31 L.P.R.A. §§ 911-916), the children acquire the capacity to represent their own interests in court ***and the parents can no longer do so***. Civil Code secs. 240, 246, and 247 (31 L.P.R.A. §§ 932, 955, and 971); *Álvarez v. Aponte*, 83 P.R.R. 595 (1961); *Vázquez v. Santos*, 49 P.R.R. 298 (1935); *Key Nieves v. Oyola Nieves*, 116 D.P.R. 261 [16 P.R. Offic. Trans. 321] (1985). [Emphasis added.]

In this case, both, Juan Francisco Balcells González and Alexandra Balcells González, have reached the majority of age.[49]

Since the minors whom the Creditor represented in this case have acquired the majority of age, the Ms. González Garcia has no standing to pursue the petition of their interests in the DSO. _Álvarez v. Aponte_, 83 P.R.R. 595 (1961); _Vázquez v. Santos_, 49 P.R.R. 298 (1935); _Key Nieves v. Oyola Nieves_, 116 D.P.R. 261 [16 P.R. Offic. Trans. 321] (1985)_; Rosario v. Ramos_, 134 D.P.R. 3 (1993); _Sotomayor vs. Colón Cruz_, 2009 TSPR 134.

Therefore, the claim must be disallowed in its entirety or at worst, transferred to the name of the children who are not parties to the §363(h) adversary proceeding.

**D. _"Whether the Bankruptcy Court erred in dismissing the adversary proceeding."_**

On August 5, 2011, Debtor filed a Bankruptcy petition under Chapter 7 of the Bankruptcy Code. _Dkt.1_. On March 27th, 2019, an Objection to Mrs. González García's claim was filed. Then again on September 20th, 2019, another objection was filed to Ms. González García's amended POC. On November 19th, 2019, a Reply to the Response to Opposition to Objection to Claim 5-2 was filed. The Court ordered that Trustee file a Motion for Summary Judgment on the related matter of the Objection to Claim. These motions are part of the lead bankruptcy case, not the adversary proceeding on §363(h) to request permission to sell the property.

Honorable Judge Mildred Cabán Flores denied Trustee's Motion for Summary Judgment, and then proceeded to dismiss the adversary proceeding. On the adversary proceeding there were no dispositive motions pending. There was no motion for summary judgment filed by either party or motion to dismiss filed by the defendant on the adversary proceeding for the sale of the property.

It is well settled law that a dismissal under Fed.R.Civ.P. 12(b)(6) is only warranted when

---

[49] See App. Ap. pp. Sworn Statement filed on Adversary Proceedings

the well pled allegations of the complaint, viewed in the light most favorable to the plaintiff, do not contain facts that justify the grant of a remedy. Padilla v. Yoo, 678 F.3d 748, 757 (9th Cir. 2012). "[C]onclusory allegations of law and unwarranted inferences" are insufficient. Associated Gen'l Contractors v. Metro. Water Dist., 159 F.3d 1178, 1181 (9th Cir. 1998). A complaint must state "evidentiary facts which, if true, will prove [the claim]," Kendall v. Visa U.S.A., Inc., 518 F.3d 1042, 1047 (9th Cir. 2008), otherwise it will be dismissed. See Watson v. Weeks, 436 F.3d 1152, 1157 (9th Cir. 2006).

There was no motion to dismiss filed in the adversary proceeding, or any other dispositive motion. How can a case be dismissed without any allegations or reasons to do so? The filed motion for Summary Judgment was for the lead case on the objection to claim, not the adversary proceeding on the request to sell the property for benefit of the estate.  Therefore, the Bankruptcy Court erred in dismissing the adversary proceeding.

## VII.   _Conclusion_:

The Trustee has met the necessary requirements to proceed with the sale of the property according to §363(h) and shifted the burden to Ms. González García to provide proof of a detriment or special circumstance that would overcome the benefit to the Estate. Ms. González García has not that burden.  The more Mrs. González García is permitted to stay in the property, while delaying the sale of the property, the more damages she causes to the estate and the creditors.

The minors whom the Creditor represented in this case have acquired the majority of age, hence the Creditor has no standing to pursue the petition of their interests of the DSO. Mrs. González children are now around 23/24 and 25/26 years old.

Mrs. González does not comply with the statutory requirements of a party in interest according to bankruptcy court rulings. She has no legally protected interest that could be affected by the proceeding. She is not a claimant according to bankruptcy rules.

The reasoning that the Bankruptcy Court used to dismiss the adversary proceeding is deficient and would lead to the absurd result of Ms. González García keeping the Estate's equity in the property and receiving distribution of all other funds in the estate.  Thus, the even if Ms. González García is the claimant in the DSO Claim, which is denied, the Bankruptcy Court's decision must still be overturned.

## VIII.   *Prayer for Relief*:

WHEREFORE, it is respectfully requested that this honorable Court rule that:

A.      Trustee has met her burden to prove that there is a benefit to the Bankruptcy Estate from the sale of the property;

B.      The defendant has not presented evidence of sufficient "detriment" to overcome the benefit to the Estate;

C.      The Trustee should be allowed to proceed with the sale of the Property;

D.      The DSO Claim should be disallowed since Ms. Amarilys Gonzalez Garcia has no standing to file the claim in representation of her adult children;

E.      In the alternative, the DSO Claim is for the benefit of Alexandra and Juan Francisco Balcells González and the DSO Claim should be transferred to them;

F.      The adversary should not have been dismissed and that the Trustee should be allowed to proceed with the sale's process.

**RESPECTFULLY SUBMITTED.**

In San Juan, Puerto Rico, on June 17th, 2022.

**/s/ Rafael A. González Valiente**
USDC No. 225209

*Counsel for Trustee for the Estate of Juan Balcells*

**GODREAU & GONZALEZ LAW, LLC.**
PO BOX 9024176
SAN JUAN, PR 00902-4176
TEL. (787)726-0077
Email: *rgv@g-glawpr.com*