## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

———————————————————

Appeal No. 22-cv-01102-FAB

———————————————————

Adversary Case No. 14-00137 MCF

———————————————————

NOREEN  WISCOVITCH  RENTAS  AS  TRUSTEE

FOR THE ESTATE OF JUAN CARLOS BALCELLS GALLARRETA

*Plaintiff - Appellant*

v.

AMARILIS  GONZALEZ  GARCIA

*Defendant - Appellee*

———————————————————

**ON APPEAL FROM THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO**

_____

**MOTION TO DISMISS APPEAL FOR FAILURE TO COMPLY
WITH THE RULES 8002, 8009 AND 8018 OF THE FRBP**

_____

**TO THE HONORABLE COURT:**

  **NOW COMES,  Appellee, Amarilis  Gonzalez Garcia,** through the undersigned counsel
and very  respectfully shows and prays:

### I. Factual Background

1

1.1 Before the above captioned appeal was docketed, on February 9, 2022, the Bankruptcy Court for the District of Puerto Rico held a hearing to consider matters in the Adversary Proceeding subject of this Appeal **Adversary Proceeding No. 14-00137 (MCF)** and to consider a contested matter in the underlying Bankruptcy Case ***In Re Juan Carlos Balcells Gallareta*, Bankruptcy Case No. 11-03367 (MCF).**

1.2 The matter before the court at the hearing regarding the Adversary Proceeding was Plaintiff's Order to Show Cause why the adversary proceeding should not be dismissed for failure to comply with the third prong of the test under 11 U.S.C. § 363(h) entered by the bankruptcy court on February 9, 2021 and the Chapter 7 Trustee's Motion in compliance with order to show cause. **Adv Proc Dkts 220 and 223 respectively -** [*See also in the docket of this Appeal* **Dkt No. 4 -** Certification for Transmittal of Complete Record on Appeal from Bankruptcy Court, **Attachment 2, Appellee's Designation of Record on Appeal**, hereinafter referred to **Appellee's Designation, Dkt No. 4-2. (Specifically, p. 315 as to the Order to Show Cause and p. 316 as to the Motion in Compliance with Order to Show Cause)]**

1.3 **The matter before the court at the hearing regarding the in <u>the underlying bankruptcy case</u>** was the Chapter 7 Trustee objection to Domestic Support Obligation (DSO) claim 5-2 filed by the Amarilis Gonzalez Garcia, DSO creditor in the Bankruptcy Case and debtor's ex-spouse and Defendant/Appellee in this Appeal and the Trustee Motion for Summary Judgment on the legal issue related to objection to claim 5-2. **Bk Case 11-06637 Dkts. 231 and 232 respectively.**

1.4 In the designation of the items to be included in the record on appeal and a statement of the issues to be presented **filed by the Appellant pursuant to Rule 8009(a)(1) (A) the Appellant did not designate any items and/or documents filed in the underlying Bankruptcy Case** and as such there is no reference to Appellant's Record on Appeal in this motion as to the documents filed in the underlying Bankruptcy Case. **Bk Case 11-06637 Dkt.** 245

1.5 On February 9, 2022, at the hearing conducted by the presiding Honorable Bankruptcy Judge Mildred Caban Flores the following parties appeared *: Noreen Wiscovitch Rentas* as Chapter 7 Trustee For The Bankruptcy Estate Of Juan Carlos Balcells Gallarreta and as Plaintiff in the Bankruptcy Proceeding, brother **Counsel Rafael A. Gonzalez Valiente** appear representing the Chapter 7 Trusteee and Plaintiff/Appellant in this Case and **Amarilis Gonzalez Garcia**, Domestic Support Obligation Creditor and Defedant/Appellee in this case appear pro se. **Adv Proc Dkt** **229** - [*See also in the docket of this Appeal* **Dkt No. 4** - Certification for Transmittal of Complete Record on Appeal from Bankruptcy Court, **Attachment 1, Appellant's Designation of Record on Appeal**, hereinafter referred to as **Appellant's Designation Dkt No. 4-1, (Specifically see p. 469)**]

1.6 At the end of the hearing the Bankruptcy Judge entered a bench order and judgment in open court dismissing the adversary proceeding for the reasons stated in open court at the hearing. **Adv Proc Dkt** **229** **and Appellant's Designation Dkt No.** **4-1 p. 469**

1.7 On February 10, 2022, the Judgment for the dismissal of the adversary proceedings was entered in the docket and the judgment dismissing the Adversary Proceeding case was set out in a separate document. **Adv Proceeding Dkt. No. 230 Appellant's Designation Dkt**

**No. 4-1 p. 470**

1.8 On February 24, 2022 Appellant filed a Notice of Appeal in the Adversary Proceeding 14-00137 appealing an order and judgement entered in open court by presiding Honorable Bankruptcy Judge Mildred Caban Flores on February 9, 2022. **Adv Proceeding Dkt. No. 233, - Appellant's Designation Dkt No 4.1  p. 471-472**

1.9 The Notice of appeal filed by Counsel for Plaintiff reads as follows**: *Supra***

"The undersigned attorney, in representation of the Bankruptcy Estate of Juan Balcels Gallareta, appeals under 28 U.S.C. §158(a) from:

> (1) Order entered in open Court dismissing the case as memorialized in the Minutes of Proceedings, entered in the docket on February 9, 2022 at DOCKET 229; &
>
> (2) The Judgment dismissing the case, entered in the docket on February 10, 2022 at DOCKET 230"

1.10 The Notice of Appeal did not make any reference as to the bankruptcy case matters. The notice of appeal did not specify the Appellant was appealing any order or statement in relation to whether, Domestic Support Obligation creditor, "Amarilis Gonzalez Garcia had standing to pursue claim 5 or [whether she] is the 'proper' owner of the claim." [1] Additionally, the Notice of Appeal did not made any reference to an order to ruling by the Court denying's the Trustee's motion for summary judgment. ***Supra***

1.11 On March 1, 2022 the Transmittal of the Notice of Appeal from the Bankruptcy Court was entered in this case. **Appeal Dkt. 1**

---

[1] On March 17, 2022 the Appellant filed its Designation of the record on Appeal and Designated as an issue to be presented on appeal the following issue "Whether the Bankruptcy Court erred in stating that Ms. Amarilis Gonzalez had standing to pursue claim # 5 or is the proper "owner" of the claim. Appeal a statement of the issues to be presented filed by the Appellant pursuant to Rule 8009(a)(1) (A)

1.12 On March 14, 2022 Wilma Jaime, Acting Clerk of the United States Bankruptcy Court for the District of Puerto Rico filed the a Clerk's Certification for Transmittal of an Incomplete Record on Appeal certifying that she was not forwarding a completed record on appeal because Appellant has not complied with Federal Rule of Bankruptcy Procedure 8009 (a)(1)(B) by failing to file a designation of the items to be included on the Record on Appeal and a Statement of Issues to be presented within the 14 days after the filing of the notice of appeal. **Appeal Dkt. 3**

1.13 On March 17, 2022 Appellant filed a designation of the items to be included in the record on appeal and a statement of the issues to be presented filed by the Appellant.  Appellant's designation and statement of issues filed fail to comply with Provisions of FRBP 8009.  Appellant did not include among the record for appeal the transcript from the February 9th, 2022 hearing which includes the oral ruling made by the court from which Appellant appeal is based nor did the Appellant designated any documents filed by any party in the underlying bankruptcy case. **Adv Proceeding Dkt. No. 245, - Appellant's  Designation Dkt. No 4.1**.  *(As it will be further argued Appellant's Brief and Appendix include many documents filed in the underlying bankruptcy case that were not designated to be included in the record on appeal, a matter for which appellee reserve the right to file motion the strike appellant's brief for said reason.)*

1.14 On March 31, 2022, Appellee filed a motion requesting clarification of statement of issues on Appeal and extension of time to complete the items of the record to be certified on Appeal.  **Adv Proceeding Dkt. No.  246**

1.15 On April 19, 2022, Appellee filed designation of contents for inclusion in Record on Appeal.  **Adv Proceeding Dkt. No.  247, - Appellee's Designation Dkt. No 4.2**

1.16 On April 21, 2022, Wilma Jaime, Acting Clerk of the United States Bankruptcy Court for the District of Puerto Rico filed a Clerk's Certification for Transmittal of a Complete Record on Appeal. **Appeal Dkt. 4**

1.17 On April 21, 2022 March 14, 2022 Wilma Jaime, Acting Clerk of the United States Bankruptcy Court for the District of Puerto Rico filed the a Clerk's Certification for Transmittal of a Complete Record on Appeal **Appeal Dkt. 4.** The Certification indicated that no transcripts were designated to be included in the record of appeal the Appellant did not designate a transcript to be included on the record of appeal nor did the Appellee. **Appeal Dkt. 4.**

1.18 On April 27, 2022 Appellant sought an extension of time to file her principal brief and requested an extension of time until **June 17th, 2022** to File its principal Brief and Appendix order which was granted by this Honorable Court **Appeal Dkt. 5 & 6**

1.19 On June 17, 2022, Appellant filed its Principal appeal brief and appendix**. Appeal Dkt. 7** Appellant is appealing from an oral order made on February 9, 2022.

1.20 **Meanwhile, on March 3, 2022** in the underlying bankruptcy case the Court enter an order to hold the Trustee's objection to claim number 5-2 (Bk. Docket No. 231) in abeyance until the resolution of the appeal regarding a related matter in Adversary Proceeding No. 14-00137. **Bk Case 11-06637 Dkt.** 257

1.21 On March 17, 2022, the Trustee filed a Motion for reconsideration of the order that would hold in abeyance the objection to claim and requested, among others, that the Court reconsider its Order staying the objection to claim and determine (1) if Ms. Amarilys González

has legal standing to pursue the claim and the claims validity and (2) the amount of the claim. **Bk Case 11-06637 Dkt**. 259

1.22 On April 27, 2022 he Court in response to the motion for reconsideration entered an order denying the Motion for Reconsideration which literally reads as follows:  **Bk Case 11-06637 Dkt**. 260

**ORDER**

The resolution of the Trustee's objection to claim number 5-2 for domestic support obligation (DSO) was held in abeyance until the appeal in the related Adversary Proceeding No. 14-00137 is resolved. The Trustee **is appealing the court's denial of a sale of a residential property, <u>whose benefit to the estate was outweighed, by the detriment that the sale caused to the DSO claimant who is a co-owner of the property and the Debtor's former spouse</u>**. The Trustee now requests reconsideration of our abeyance order regarding claim number 5-2 filed by the DSO claimant because she alleges that the resolution of the objection to claim would be beneficial at this time.

The Trustee's objection to claim 5-2 is grounded on two arguments: first, that the claim is zero because the claimant has no standing and second, the correct amount owed is $97,421.00. **During the hearing on February 9, 2022, the Trustee argued that the DSO claimant had no standing to claim child support monies because the children reached legal age during the pendency of the bankruptcy case. <u>To consider the sale of the property, the court resolved that the DSO claimant had standing to collect the claim because she timely presented the claim when the children were minors</u>**. Moreover, under Puerto Rico law, the DSO claimant, Amarilys Gonzalez, has a credit against the Debtor upon his failure to pay domestic support obligations for their children. The Puerto Rico Supreme Court has ruled that when a parent fails to pay DSO, the custodial parent has a right of credit because he or she has had to bear the other parent's share of the minor's expenses. **Calvo Mangas v. Aragonés, 115 D.P.R. 219, 228-29; 15 P.R. Offic. Trans. 294, 308 (1984).**

Therefore, **regarding the Trustee's first argument, <u>we did not agree that no DSO money is owed in this case.</u>**

**Turning to the second argument, the court need not resolve the dispute surrounding the correct amount of the claim 5-2 because, even using the**

**amount alleged by the Trustee ($97,421.00), the sale of the property could not be approved <u>because the proceeds of the sale would only partially satisfy the DSO claim and leave the DSO claimant homeless</u>**. Denial of the sale essentially mooted the resolution of the objection to claim. (*Emphasis Supplied*)

**Consequently, the Trustee's motion for reconsideration (Docket No. 259) is denied.**

1.24 Since the Appellant failed to disclose to this Honorable Court that there was a Motion for Reconsideration filed pending in the underlying bankruptcy case, we request that this Honorable Court takes Judicial Notice of of the Order that was to hold in abeyance the resolution to Trustee's objection to claim, (**Bk Case 11-06637 Dkt**. 257), the Motion for reconsideration of said order filed the Trustee/Appellant, (**Bk Case 11-06637 Dkt**. 259) and the Order Denying the Motion for Reconsideration. (**Bk Case 11-06637 Dkt**. 260), Additionally, this Court should take notice that the order denying the motion for reconsideration was entered on April 27, 2022, and no notice of appeal from said order has been file.

## II. Summary of Argument

2.1 Appellant / Defendant, Noreen Wiscovitch Rentas as Trustee for Bankruptcy the Estate of Juan Carlos Balcells Gallarreta in the leading bankruptcy case filed On May 30, 2014 the Chapter 7 Trustee in the underlying bankruptcy case, (Bk 11-06637), file an adversary proceeding, for the approval of the sale of pursuant to 11 U.S.C. § 363 (h). After almost 8 years of repeated attempts to solve the matter by way of Summary Judgment (the Trustee filed 3 motions for summary judgement all which were denied.  The Court entered an order directed to the Plaintiff to show cause, why the instant adversary proceeding should not be dismissed for failure to comply with the third prong of the test under 11 U.S.C. § 363(h). **Dkt 4-2, Appellee's Designation p 315.**

2.2 The Court Scheduled a hearing for February 9, 2022 to consider in the adversary Proceeding 14-00137, subject of this appeal, 1) the Plaintiff's order to show cause (Dkt 220 of the Adv Proceeding 14-00137) , 2) the Trustee's Motion in compliance with the order to show cause (Dkt 220 of the Adv Proceeding 14-00137) and to consider in matters in the underlying Bankruptcy Case 11-06637 tho wit : the 3) Trustee's objection to claim 5-2 (Dkt.  231 of the Bk Case 11-06637) and the Trustee's motion for summary judgment (Dkt.  232 of the Bk Case 11-06637). Adv Proceeding Dkt. No. 227, - **Appellee's  Designation Dkt. No 4.1 p 227**

2.3 At the hearing the Court made findings of facts and conclusions of law which encompass the Bankruptcy decision-making process. The Court at the hearing entered an order dismissing the adversary proceeding case since upon hearing the parties it denied the request for the sale of a residential property, since, as determined by the presiding judge, Honorable Mildred Caban Flores, in open Court determined that the benefit to the bankruptcy estate was outweighed, by the detriment that the sale caused to the DSO, that is,  for failure to comply with the third of the test under 11 U.S.C. § 363(h).  The Trustee is now appealing, the Court dismissal of the Adversary Proceeding. **Appellant's  Designation Dkt. No 4.1 p 469 and 471-472.**

2.4 The Court decision to allow a 363(h) is an equitable judgment that is discretionary, and fact driven. Thus, the Trustee is seeking to appeal the fact finding and conclusion of the Court as one that is allegedly unsupported by or contrary to the evidence.  To challenge a finding or conclusion as unsupported by or contrary to the evidence, the appellant must designate the transcript of all evidence relevant to that finding or conclusion which in this case is the transcript of the hearing held on February 9, 2022. **See Fed. R. Bankr. P. 8009(b)(5).**

9

2.5 The Federal Rules of bankruptcy procedure sets out the procedure that an Appellant must follow to appeal an order entered by a Bankruptcy Court. When taking an appeal an Appellant bears the responsibility of to provide an adequate record on appeal. Federal Rule of Bankruptcy Procedure 8009 requires an appellant to designate the items to be included in the record on appeal. **Fed. R. Bankr. P. 8009(a)(1)(A).**

2.6 Among other things, the appellant must designate **"any opinion, findings of fact, and conclusions of law relating to the issues on appeal including transcripts of all oral rulings."** Fed. R. Bankr. P. 8009(a)(4). **The appellant must also order the transcripts from the court reporter. Fed. R. Bankr. P. 8009(b)(1).** In addition to designating the record, an appellant must serve and file with its brief an appendix containing, **excerpts of the record**, including any relevant transcripts and any other orders, pleadings, findings, conclusions, or opinions relevant to the appeal. **See Fed. R. Bankr. P. 8018(b)(1).**

2.7 The appellants need to provide the Court with "those parts of the record material to the questions presented and which it is essential for the judges of the court to read in order to decide these questions*." Columbus Wood Preserving Co. v. United States, 209 F.2d 153, 154 (6th Cir. 1953)***.** The appellant failure to supply necessary documents goes to the foundation of the Court's decision-making process. Whenever findings of fact and conclusions of law are rendered orally on the record, it is mandatory that an appellant designate the transcript under Rule 8009. There is no other way for an appellate court to be able to fathom the trial court's action.

2.8 Federal Rule of Bankruptcy Procedure 8009(b)(5) requires that in any appeal to a bankruptcy appellate panel there be an appendix of excerpts of the record that includes the "opinion, findings of fact, or conclusions of law filed or delivered orally" by the court.

10

Fed.R.Bankr.P. 8009(b)(5). This is also mandatory, not optional. The appellant's appendix omits the findings and is, as a matter of law, incomplete. *See Kritt v. Kritt (In re Kritt), 190 B.R. 382, 386 (9th Cir. BAP 1995); Burkhart v. FDIC (In re Burkhart), 84 B.R. 658, 661 (9th Cir. BAP 1988).* The burden is on the appellant.

2.9 In the case at **bar the key procedural problem in this appeal is that the appellant failed to designate and provide record materials that are required by governing rules of procedure.  No transcript of the court's oral findings of fact and conclusions of law was designated for inclusion in the appellate record, and no copy was provided in the appendix to the appellant's brief**.  The Appellant failed to include the transcript of the hearing held on February 9,2022 as required by FRBP 8009. Such failure precludes this Court from deciding the issue in this appeal and such the Appeal shall be dismiss or in the alternative summarily affirmed. [*See Selman v. Cobb Cty. Sch. Dist., 449 F.3d 1320, 1333 (11th Cir. 2006)* ***(referring to this as the "absence-equals-affirmance-rule"]***

2.10 For this reason alone, this Honorable Court shall dismiss the Appeal and/or summarily affirm the Bankruptcy Court decision. Under the `absence equals affirmance' rule, `the burden is on the appellant to ensure the record on appeal is complete, and where a failure to discharge that burden prevents us from reviewing the district court's decision we ordinarily will affirm the judgment. (See *Selman v. Cobb Cty. Sch. Dist., Supra; Pensacola Motor Sales, Inc. v. E. Shore Toyota, LLC, 684 F.3d 1211, 1224 (11th Cir. 2012); and Corley v. Mercedes-Benz Us International, Inc., Court of Appeals, 11th Circuit 2022* [Corley v. Mercedes-Benz Us International, Inc., Court of Appeals, 11th Circuit 2022](#)

11

2.11 It should be noted that the Trustee in this case is an experience Trustee as well as the Trustee's Counsel. In fact, the Trustee in this case, as an appellee in another appeal before this same Court requested the dismissal of the of an Appeal were the appellant failed to designate the relevant transcript as part of the Record on Appeal. *Aee   Puntas Assocs. LLC v. Chapter 7 Trustee (In re Puntas Assocs. LLC), 621 B.R. 85.*  One can only infer that this omission was no mistake and **one can only assume that the appellant does not regard the court's findings of fact and conclusions of law as helpful to his appeal. See Gionis v. Wayne (In re Gionis), 170 B.R. 675, 680-81 (9th Cir. BAP 1994), aff'd mem., 92 F.3d 1192 (9th Cir.1996).**

2.12 The balancing of the detriment to a co-owner versus the benefit to the estate under 11 U.S.C. 363(h)(3) is a fact sensitive analysis and without a transcript of the hearing omitted by the Appellant from the record of appeal renders this court blind as to such action taken by the bankruptcy court.

2.13 However, that is not the only reason that warrants the dismissal of the Appeal.   The appellant in this case filed the designation of the items to be included in the record on appeal and a statement of the issues to be presented **filed by the Appellant pursuant to Rule 8009(a)(1) (A) only when the Bankruptcy Court filed a Certification for transmittal of Incomplete record on Appeal. [Appeal Dkt. 3, filed and entered on March 14, 2020.]**  The Appellant filed the Designation of Record on Appeal on March 17, 2022, after the expiration of the time provide by Federal Rues of Bankruptcy Procedure 8009 (a)(1)(B).

2.14 Additionally, the designation of the items to be included in the record on appeal and a statement of the issues to be presented included issues to be presented that were not included in

the Notice of Appeal. As previously mentioned, in the hearing held on February 9, 2022 the Court had scheduled matters in the Adversary Proceeding subject of this Appeal **Adversary Proceeding No. 14-00137 (MCF)** and to consider a contested matter in the underlying Bankruptcy Case ***In Re Juan Carlos Balcells Gallareta*, Bankruptcy Case No. 11-03367 (MCF). In the statement of issues on appeal the Trustee designated as an issue to be resented on appeal the question of:** "Whether the Bankruptcy Court erred in stating that Ms. Amarilis Gonzalez had standing to pursue claim # 5 or is the proper "owner" of the claim", however, the notice of Appeal did not include an appeal of the Court's ruling in open Court  that the DSO claimant had standing to collect the claim because she timely presented the claim when the children were minors. (See **Adv Proceeding Dkt. No. 233 & 245, Appellant's Designation Dkt No.  4-1**) **As such the  issue is not on appeal.**

2.15 Furthermore, the Trustee filed a motion for reconsideration of the Court's order to hold in abeyance Trustee's objection to claim number 5-2 for domestic support obligation (DSO) until the appeal in the related Adversary Proceeding No. 14-00137 was resolved and the Court entered a written order, on April 27, 2022, in the related Bankruptcy Case denying the Trustee's motion for reconsideration and the Trustee did not appeal said order. As such the issue regarding Defendant's standing to pursue the claim is now final and unappealable and not properly on appeal before this Court. **Bk Case 11-06637 Dkt**. 259

2.16 Last but not least, when the Appellant filed its opening brief and its required appendix the appendix included many documents that were not designated to be included in the record on appeal an as such are not part of the Record on Appeal and should be stricken from the Appendix and all allegations and references to those documents in the Appeal brief shall be stricken from the

record. T**he Appellant <u>did not designate any items and/or documents filed in the underlying</u> <u>Bankruptcy Case</u>** to be included in the record of appeal. **Adv Proceeding Dkt. No. 245,** **Appellant's Designation Dkt No. 4-1**) Specifically, at least 22 items of the documents included in the Appellant's Appendix were not designated as part of the Record on appeal. *(See Copy of Appellant's Appendix Table of Contents highlighting the documents included in Appellant's Appendix Opening Brief that were not designated to be included on the Record of Appeal, **attached Exhibit 1)*** The Appellee reserve the right to file a separate motion requesting that the Appellant's brief be stricken from the record since more references to documents that are not part of the record of appeal are made then the ones that are supported by the record on appeal.

### III. Applicable Law

3.1 Federal Rules of Bankruptcy Procedure 8002 set the applicable time period for a party that wishes to appeal an order of the Bankruptcy Court to file a Notice of Appeal and, among others, the effect of a timely filed motion pursuant to either FRBP 7052, 9023, or 9024.

3.2 Specifically, Rule 8002 of the Federal Rules of Bankruptcy Procedure, FRBP 8002 states:

(a) In General.

**(1) *Fourteen-Day Period*. Except as provided in subdivisions (b) and (c), a notice of appeal must be filed with the bankruptcy clerk <u>within 14 days after entry of the judgment, order, or decree being appealed</u>.**

**(2) *Filing Before the Entry of Judgment*.** A notice of appeal filed after the bankruptcy court announces a decision or order—**but before entry of the judgment, order, or decree—is treated as filed on the date of and after the entry.**

(3) *Multiple Appeals*. If one party files a timely notice of appeal, any other party

14

may file a notice of appeal within 14 days after the date when the first notice was filed, or within the time otherwise allowed by this rule, whichever period ends later.

(4) *Mistaken Filing in Another Court*. If a notice of appeal is mistakenly filed in a district court, BAP, or court of appeals, the clerk of that court must state on the notice the date on which it was received and transmit it to the bankruptcy clerk. The notice of appeal is then considered filed in the bankruptcy court on the date so stated.

**(5) Entry Defined.**

(A) A judgment, order, or decree is entered for purposes of this Rule 8002(a):

(i) when it is entered in the docket under Rule 5003(a), or

**(ii) if Rule 7058 applies and Rule 58(a) F.R.Civ.P. requires a separate document, when the judgment, order, or decree is entered in the docket under Rule 5003(a) and when the earlier of these events occurs:**

> **the judgment, order or decree is set out in a separate document; or**

> 150 days have run from entry of the judgment, order, or decree in the docket under Rule 5003(a).

**(B) A failure to set out a judgment, order, or decree in a separate document when required by Rule 58(a) F.R.Civ.P. does not affect the validity of an appeal from that judgment, order, or decree.**

(b) Effect of a Motion on the Time to Appeal.

(1) *In General*. If a party timely in the bankruptcy court any of the following motions and does so within the time allowed by these rules, the time to file an appeal runs for all parties from the entry of the order disposing of the last such remaining motion:

**(A) to amend or make additional findings under Rule 7052, whether or not granting the motion would alter the judgment;**

(B) to alter or amend the judgment under Rule 9023;

(C) for a new trial under Rule 9023; or

(D) for relief under Rule 9024 if the motion is filed within 14 days after the

judgment is entered.

(2) *Filing an Appeal Before the Motion is Decided*. If a party files a notice of appeal after the court announces or enters a judgment, order, or decree—but before it disposes of any motion listed in subdivision (b)(1)—the notice becomes effective when the order disposing of the last such remaining motion is entered.

(3) *Appealing the Ruling on the Motion*. If a party intends to challenge an order disposing of any motion listed in subdivision (b)(1)—or the alteration or amendment of a judgment, order, or decree upon the motion—the party must file a notice of appeal or an amended notice of appeal. **The notice or amended notice must comply with Rule 8003 or 8004 and be filed within the time prescribed by this rule, measured from the entry of the order disposing of the last such remaining motion.**

(4) *No Additional Fee*. No additional fee is required to file an amended notice of appeal.

(c) Appeal by an Inmate Confined in an Institution.

(1) *In General*. If an institution has a system designed for legal mail, an inmate confined there must use that system to receive the benefit of this Rule 8002(c)(1). If an inmate files a notice of appeal from a judgment, order, or decree of a bankruptcy court, the notice is timely if it is deposited in the institution's internal mail system on or before the last day for filing and:

(A) it is accompanied by:

(i) a declaration in compliance with 28 U.S.C. § 1746—or a notarized statement—setting out the date of deposit and stating that first-class postage is being prepaid; or

(ii) evidence (such as a postmark or date stamp) showing that the notice was so deposited and that postage was prepaid; or

(B) the appellate court exercises its discretion to permit the later filing of a declaration or notarized statement that satisfies Rule 8002(c)(1)(A)(i).

(2) *Multiple Appeals*. If an inmate files under this subdivision the first notice of appeal, the 14-day period provided in subdivision (a)(3) for another party to file a notice of appeal runs from the date when the bankruptcy clerk dockets the first notice.

16

(d) Extending the Time to Appeal.

(1) *When the Time May be Extended*. Except as provided in subdivision (d)(2), the bankruptcy court may extend the time to file a notice of appeal upon a party's motion that is filed:

(A) within the time prescribed by this rule; or

(B) within 21 days after that time, if the party shows excusable neglect.

(2) *When the Time May Not be Extended*. The bankruptcy court may not extend the time to file a notice of appeal if the judgment, order, or decree appealed from:
(A) grants relief from an automatic stay under §362, 922, 1201, or 1301 of the Code;

**(B) the sale or lease of property or the use of cash collateral under §363 of the Code;**
(C) authorizes the obtaining of credit under §364 of the Code;

(D) authorizes the assumption or assignment of an executory contract or unexpired lease under §365 of the Code;

(E) approves a disclosure statement under §1125 of the Code; or

(F) confirms a plan under §943, 1129, 1225, or 1325 of the Code.

**(3) Time Limits on an Extension. No extension of time may exceed 21 days after the time prescribed by this rule, or 14 days after the order granting the motion to extend time is entered, whichever is later.**
**(Added Apr. 25, 2014, eff. Dec. 1, 2014.)**

3.3 Rule 8009 of the Federal Rules of Bankruptcy Procedure,  governs the record on appeal

and the way the record is to be completed. **FRBP 8009.  Specifically, Rule 8009 of the Federal**

**Rules of Bankruptcy Procedure, FRBP 8009 states :**

**(a) Designating the Record on Appeal; Statement of the Issues**.

**(1) *Appellant.***

17

**(A) The appellant must file with the bankruptcy clerk and serve on the appellee a designation of the items to be included in the record on appeal and a statement of the issues to be presented.**

**(B) The appellant must file and serve the designation and statement within 14 days after:**
**(i) the appellant's notice of appeal as of right becomes effective under Rule 8002; or**
**(ii) an order granting leave to appeal is entered.**

**A designation and statement served prematurely must be treated as served on the first day on which filing is timely.**

(2) *Appellee and Cross-Appellant*. **Within 14 days after being served, the appellee may file with the bankruptcy clerk and serve on the appellant a designation of additional items to be included in the record. An appellee who files a cross-appeal must file and serve a designation of additional items to be included in the record and a statement of the issues to be presented on the cross-appeal**.

(3) *Cross-Appellee*. Within 14 days after service of the cross-appellant's designation and statement, a cross-appellee may file with the bankruptcy clerk and serve on the cross-appellant a designation of additional items to be included in the record.

**(4) *Record on Appeal*. The record on appeal must include the following:**

• **docket entries kept by the bankruptcy clerk;**

• **items designated by the parties;**

• **the notice of appeal;**

• **the judgment, order, or decree being appealed**;

• any order granting leave to appeal;

• any certification required for a direct appeal to the court of appeals;

• **any opinion, findings of fact, and conclusions of law relating to the issues on**

appeal**, including transcripts of all oral rulings;**

• any transcript ordered under subdivision (b);

• any statement required by subdivision (c); and

• any additional items from the record that the court where the appeal is pending orders.

(5) *Copies for the Bankruptcy Clerk*. If paper copies are needed, a party filing a designation of items must provide a copy of any of those items that the bankruptcy clerk requests. If the party fails to do so, the bankruptcy clerk must prepare the copy at the party's expense.

**(b) Transcript of Proceedings.**

**(1) *Appellant's Duty to Order*. Within the time period prescribed by subdivision (a)(1), the appellant must:**

**(A) order in writing from the reporter, as defined in Rule 8010(a)(1), a transcript of such parts of the proceedings not already on file as the appellant considers necessary for the appeal, and file a copy of the order with the bankruptcy clerk; or**

**(B) file with the bankruptcy clerk a certificate stating that the appellant is not ordering a transcript.**

(2) *Cross-Appellant's Duty to Order*. Within 14 days after the appellant files a copy of the transcript order or a certificate of not ordering a transcript, the appellee as cross-appellant must:

(A) order in writing from the reporter, as defined in Rule 8010(a)(1), a transcript of such additional parts of the proceedings as the cross-appellant considers necessary for the appeal, and file a copy of the order with the bankruptcy clerk; or

(B) file with the bankruptcy clerk a certificate stating that the cross-appellant is not ordering a transcript.

(3) *Appellee's or Cross-Appellee's Right to Order*. Within 14 days after the

19

appellant or cross-appellant files a copy of a transcript order or certificate of not ordering a transcript, the appellee or cross-appellee may order in writing from the reporter a transcript of such additional parts of the proceedings as the appellee or cross-appellee considers necessary for the appeal. A copy of the order must be filed with the bankruptcy clerk.

(4) *Payment*. At the time of ordering, a party must make satisfactory arrangements with the reporter for paying the cost of the transcript.

**(5) *Unsupported Finding or Conclusion*. If the appellant intends to argue on appeal that a finding or conclusion is unsupported by the evidence or is contrary to the evidence, the appellant must include in the record a transcript of all relevant testimony and copies of all relevant exhibits.**

(c) Statement of the Evidence When a Transcript is Unavailable. If a transcript of a hearing or trial is unavailable, the appellant may prepare a statement of the evidence or proceedings from the best available means, including the appellant's recollection. The statement must be filed within the time prescribed by subdivision (a)(1) and served on the appellee, who may serve objections or proposed amendments within 14 days after being served. The statement and any objections or proposed amendments must then be submitted to the bankruptcy court for settlement and approval. As settled and approved, the statement must be included by the bankruptcy clerk in the record on appeal.

(d) Agreed Statement as the Record on Appeal. Instead of the record on appeal as defined in subdivision (a), the parties may prepare, sign, and submit to the bankruptcy court a statement of the case showing how the issues presented by the appeal arose and were decided in the bankruptcy court. The statement must set forth only those facts alleged and proved or sought to be proved that are essential to the court's resolution of the issues. If the statement is accurate, it—together with any additions that the bankruptcy court may consider necessary to a full presentation of the issues on appeal—must be approved by the bankruptcy court and must then be certified to the court where the appeal is pending as the record on appeal. **The bankruptcy clerk must then transmit it to the clerk of that court within the time provided by Rule 8010.** A copy of the agreed statement may be filed in place of the appendix required by Rule 8018(b) or, in the case of a direct appeal to the court of appeals, by F.R.App.P. 30.

(e) Correcting or Modifying the Record.

**(1) *Submitting to the Bankruptcy Court*. If any difference arises about whether**

**the record accurately discloses what occurred in the bankruptcy court, the difference must be submitted to and settled by the bankruptcy court and the record conformed accordingly. If an item has been improperly designated as part of the record on appeal, a party may move to strike that item.**

**(2)** *Correcting in Other Ways*. **If anything material to either party is omitted from or misstated in the record by error or accident, the omission or misstatement may be corrected, and a supplemental record may be certified and transmitted:**

(A) on stipulation of the parties;

**(B) by the bankruptcy court before or after the record has been forwarded; or (C) by the court where the appeal is pending.**

(3) *Remaining Questions*. All other questions as to the form and content of the record must be presented to the court where the appeal is pending.

(f) Sealed Documents. A document placed under seal by the bankruptcy court may be designated as part of the record on appeal. In doing so, a party must identify it without revealing confidential or secret information, but the bankruptcy clerk must not transmit it to the clerk of the court where the appeal is pending as part of the record. Instead, a party must file a motion with the court where the appeal is pending to accept the document under seal. If the motion is granted, the movant must notify the bankruptcy court of the ruling, and the bankruptcy clerk must promptly transmit the sealed document to the clerk of the court where the appeal is pending.

**(g) Other Necessary Actions. All parties to an appeal must take any other action necessary to enable the bankruptcy clerk to assemble and transmit the record.**

On the other hand Rule 8018 of the Federal Rules of Bankruptcy Procedure,  governs, among others, the Appendix that the parties must file and serve with its principal brief which should include   excerpts of the record on appeal in the format provided by the rule.

Specifically,  Rule 8018 of the Federal Rules of Bankruptcy Procedure, FRBP 8018 states :

**Rule 8018. Serving and Filing Briefs; Appendices**

(a) Time to Serve and File a Brief. The following rules apply unless the district court or BAP by order in a particular case excuses the filing of briefs or specifies

different time limits:

> (1) The appellant must serve and file a brief within 30 days after the docketing of notice that the record has been transmitted or is available electronically.

> (2) The appellee must serve and file a brief within 30 days after service of the appellant's brief.

> (3) The appellant may serve and file a reply brief within 14 days after service of the appellee's brief, but a reply brief must be filed at least 7 days before scheduled argument unless the district court or BAP, for good cause, allows a later filing.

> (4) If an appellant fails to file a brief on time or within an extended time authorized by the district court or BAP, an appellee may move to dismiss the appeal—or the district court or BAP, after notice, may dismiss the appeal on its own motion. An appellee who fails to file a brief will not be heard at oral argument unless the district court or BAP grants permission.

**(b) Duty to Serve and File an Appendix to the Brief.**

> **(1) *Appellant*. Subject to subdivision (e) and Rule 8009(d), the appellant must serve and file with its principal brief excerpts of the record as an appendix. It must contain the following:**

>> **(A) the relevant entries in the bankruptcy docket;**

>> **(B) the complaint and answer, or other equivalent filings;**

>> **(C) the judgment, order, or decree from which the appeal is taken;**

>> **(D) any other orders, pleadings, jury instructions, findings, conclusions, or opinions relevant to the appeal;**

>> **(E) the notice of appeal; and**

>> **(F) any relevant transcript or portion of it.**

22

(2) *Appellee*. The appellee may also serve and file with its brief an appendix that contains material required to be included by the appellant or relevant to the appeal or cross-appeal, but omitted by the appellant.

(3) *Cross-Appellee*. The appellant as cross-appellee may also serve and file with its response an appendix that contains material relevant to matters raised initially by the principal brief in the cross-appeal, but omitted by the cross-appellant.

(c) Format of the Appendix. The appendix must begin with a table of contents identifying the page at which each part begins. The relevant docket entries must follow the table of contents. Other parts of the record must follow chronologically. When pages from the transcript of proceedings are placed in the appendix, the transcript page numbers must be shown in brackets immediately before the included pages. Omissions in the text of documents or of the transcript must be indicated by asterisks. Immaterial formal matters (captions, subscriptions, acknowledgments, and the like) should be omitted.

(d) Exhibits. Exhibits designated for inclusion in the appendix may be reproduced in a separate volume or volumes, suitably indexed.

(e) Appeal on the Original Record Without an Appendix. The district court or BAP may, either by rule for all cases or classes of cases or by order in a particular case, dispense with the appendix and permit an appeal to proceed on the original record, with the submission of any relevant parts of the record that the district court or BAP orders the parties to file

## IV. Legal Argument

4.1 The Bankruptcy Rule 8009(b)(1) places an affirmative duty on a bankruptcy appellant either to order certain transcripts or provide notice that it will not do so. Fed. R. Bankr. P. 8009(b)(1). The rule states that, within a prescribed period, the appellant must either

(A) order in writing from the reporter . . . a transcript of such parts of the proceedings not already on file as the appellant considers necessary for the appeal, and file a copy of the order with the bankruptcy clerk; or
(B) file with the bankruptcy clerk a certificate stating that the appellant is not ordering a transcript.

4.2 An appellant does not have carte blanche to decide whether a transcript is necessary for

the appeal. "The responsibility for presenting an adequate record on appeal rests squarely with the appellant. Appellant's responsibility includes providing the court with an adequate transcript." *In re Payeur, 22 B.R. 516, 519 (B.A.P. 1st Cir. 1982)4*.

    4.3 The factors considered in the tests include: whether the appellant had notice and an opportunity to explain the mistake; whether the appellant was negligent or acted in bad faith, along with the reason given for the mistake; the length of delay; whether the delay was harmless or prejudiced other parties; the relative fault of the attorney versus the client; the effect on a party from the dismissal of an appeal because of an attorney's mistake; the appropriateness of dismissal compared to other sanctions; and the promotion of swift and efficient resolution of bankruptcy disputes. *Celulares Telefonica De P.R., Inc. v. Advance Cellular Sys. (In re Advance Cellular Sys.), 262 B.R. 10, 15 (D.P.R. 2001)*. In the first circuit, "an appellant's failure to file a hearing transcript is fatal to an appeal where the . . . [Court] is unable to determine the legal foundation of the bankruptcy court's rulings, or whether the bankruptcy court made any initial oral findings and rulings." *Wilson v. Wells Fargo Bank, N.A. (In re Wilson), 402 B.R. 66, 69 (B.A.P. 1st Cir. 2009)*

    4.4 In case Celulares Telefonica, the dismissal was warranted for a few reasons. First, the court determined that the appellants were negligent, and the mistake was inexcusable. Second, the court held that the appellants prejudiced the efficient administration of justice because they slowed judicial proceedings, and they kept the appellee "under a veil of ignorance" while taking extra time to refine their own arguments. Third, the court said that the reason for the mistake cited by appellants—inadvertence—was "wholly lacking," especially in bankruptcy proceedings where "the heightened urgency of the proceedings makes the failure to adhere to filing deadlines even

more deplorable." Finally, the court found dismissal to be appropriate in the case for reasons that included specific and general deterrence. *Celulares Telefonica De P.R., Inc. v. Advance Cellular Sys. (In re Advance Cellular Sys.), 262 B.R. 10, 15 (D.P.R. 2001)*

4.5 The order made by the court was an oral order regarding the request for Plaintiff order to show cause. The defendant explained that there is a child support debt claimed 10 years ago[2]; that is necessary to distribute post marital assets according to state law, Trustee must bring corporation shares and assets and distribute after adjusting charges and transfers made to defraud; Defendant delivered Trustee several forensic reports including enough evidence to compose estates; the biggest claim is a corporation debt; according to state law post marital law the distribution must be made and Trustee must consider participation of debtor that in essence should be used to compose the bankruptcy estate. The analysis was made omitting the fundamental assets and corresponding distribution. Even after such omissions, the participation[3] in the residential house can also be requested through the child support seizure of assets 8LPRA524 and/or post marital reimbursement credit[4] that should be done prior to the composition of the bankruptcy estate.

4.6 Even considering Trustee scenario (omitting indispensable assets and distribution) and altering (reducing) the child support final debt, Trustee did not comply with the criteria

---

[2] According to Rodriguez v. Soler, 135 DPR 779 (1994), Article 1649 of the Civil Code  (1930) the child support debt accrues a mandatory legal interest accrued since 2011, actual debt plus interest is around $250,000.00; on August 2012 state court made determination (pre-petition) child support debt final and firm determination was determined for the amount of $125,000.

[3] All the assets must be considered because Trustee scenario to omit assets to leave the majority under the control of debtor will result that Trustee is using only the participation of defendant to pay (twice) the debtor child support debt and to pay debtor debts made to defraud. The alteration and omissions provoke a defalcation of the assets that correspond to defendant. BL Investments v. Rivera, 181 DPR 5 (2011), LSREF2 Island Holdings v Ashford RJF, 2019TSPR042

[4] Figueroa Robledo v. Rivera Rosa, 149 DPR 565 & Island Holdings v Ashford RJF, 2019TSPR042.

25

necessary in the third prong of the 11 U.S.C. § 363(h) to transfer the burden to the defendant. The court evaluated and ruled that even considering the trustee allegations as true, the third prong of 11 U.S.C. § 363(h) could not be met considering the numbers and there would not be anything left to pay the unsecure creditors.

4.7 The issues raised in appeal cannot be adequately adjudicated without the transcript. The Court cannot responsibly review the Bankruptcy Court's findings challenged Appellant which include findings of fact and findings that mix fact and law such as the evaluation of the compliance with the 11 U.S.C. § 363(h), the evaluation made based on trustee allegations which is erroneous, Trustee is not considering the participation of the debtor in the post marital community property including the corporation assets (shares), impeding equitable distribution of assets; the corporation debts were included but corporation assets omitted, derivative claims for transfers and debts made to defraud were not made; and all those alterations to the corresponding post marital distribution laws and corporation laws impede an adequate composition of the bankruptcy estate.

4.8 A court's decision to allow a § 363(h) sale is an equitable judgment that is discretionary, and fact driven. The trustee has the burden of establishing all four elements under § 363(h).

4.9 The balancing of the detriment to a co-owner versus the benefit to the estate under 11 USC 363(h)(3) is a fact sensitive analysis and without a transcript of the hearing omitted by the Appellant from the record of appeal renders this court blind as to such action taken by the bankruptcy court.

4.10 Trustee is requesting this court to evaluate the oral ruling without the knowledge of the proceedings that led the Bankruptcy Court to those findings. Trustee had no excuse for her

failure to procure the transcript. The failure to act "in the face of an unjustifiably high risk of harm that is either known or so obvious that it should be known." *Farmer v. Brennan, 511 U.S. 825, 836, 114 S. Ct. 1970, 128 L. Ed. 2d 811 (1994)*; *United States v. Ladish Malting Co., 135 F.3d 484, 488 (7th Cir. 1998)*. Dismissal under these circumstances serves to deter attorneys, and others from such shenanigans. *Rivera-Siaca, 416 B.R. at 16-17*; *Celulares Telefónica, 262 B.R. at 16-17.* The burden of providing a complete record rest with the appellant. *In re Abijoe Realty Corp., 943 F.2d at 123 n.1*; *In re Payeur, 22 B.R. at 519*.

4.11 The appellants did not timely designate the items to be included in the record on appeal and did not serve the appellee with a copy of the appeal brief on the date required by the bankruptcy rules. Appellant requested time extension to file brief stating he was busy with other work, repeated failures to comply with court deadlines, the deliberate decision of appellants' attorney to work on other matters, the absence of a record to enable intelligent review of the appeal, and deterrence of similar behavior. The bankruptcy judge had issued a decision that could not be evaluated without the transcript. Appellant failure to procure the transcript appears to be more than negligence and bad faith. '

4.12 Appellant did not comply with the applicable rules for the revision requested. Appellant is aware that the transcript is fundamental for resolving the appeal and the court cannot review the appeal as presented. Same Trustee requested the dismissal based on the omission of the transcript in other case.  This confirms, Trustee failure to include the transcript in this case is a deliberate decision to affect the revision requested.

4.13 An Appellant's failure "to provide a sufficient record to support an informed review of the trial court's determinations may result in either dismissal of the appeal or summary affirmance of the trial

27

court's judgment based upon the appellant's inability to demonstrate error." In re Hamel, No. ADV.07-00517, 2009 WL 7751431, at *10 (B.A.P. 9th Cir. Apr. 16, 2009); In re O'Brien, 312 F.3d 1135, 1136-37 (9th Cir.2002); Everett v. Perez (In re Perez), 30 F.3d 1209, 1217-18 (9th Cir.1994); Hall, 935 F.2d at 165; Ashley, 903 F.2d at 605-06. We have explained that the appellant has the burden "to ensure the record on appeal is complete, and where a failure to discharge that burden prevents us from reviewing the district court's decision, we ordinarily will affirm the judgment." Selman v. Cobb Cty. Sch. Dist., 449 F.3d 1320, 1333 (11th Cir. 2006) (referring to this as the "absence-equals-affirmance-rule"); see also Pensacola Motor Sales Inc. v. E. Shore Toyota, LLC, 684 F.3d 1211, 1224 (11th Cir. 2012) .

4.14 Federal Rule of Bankruptcy Procedure 8009(b)(5) requires that in any appeal to a bankruptcy appellate panel there be an appendix of excerpts of the record that includes the "opinion, findings of fact, or conclusions of law filed or delivered orally" by the court. Fed.R.Bankr.P. 8009(b)(5). This is also mandatory, not optional. The appellant's appendix omits the findings and is, as a matter of law, incomplete. See Kritt v. Kritt (In re Kritt), 190 B.R. 382, 386 (9th Cir. BAP 1995); Burkhart v. FDIC (In re Burkhart), 84 B.R. 658, 661 (9th Cir. BAP 1988). The burden is on the appellant.

4.15 The court's oral findings on the dismissal order unambiguously qualify as findings of fact and conclusions of law within the meaning of Rule 8006. Federal Rule of Bankruptcy Procedure 8006 requires that an appellant designate a record that includes both "any opinion, findings of fact, and conclusions of law of the court" and any transcript that will be needed. Fed.R.Bankr.P. 8006. These items are mandatory, not optional. The appellant did neither.

4.16 The appellant's failure to provide the one document that would directly identify the manner in which the bankruptcy court exercised its discretion requires that this Honorable Court

dismiss this    appeal. [See Syncom Capital Corp. v. Wade, 924 F.2d 167, 169 (9th Cir.1991); Southwest Administrators, Inc. v. Lopez, 781 F.2d 1378, 1378-80 (9th Cir.1986)].

**4.17 Alternatively, is this Honorable Court does not dismiss the appeal it should summarily affirm the Court's Decision.  In absence of the transcript, and in the alternative of the dismissal any plausible basis upon which the bankruptcy court might have exercised its discretion to do what it did, then the Court we must affirm the Bankruptcy Court's decision summarily. The Bankruptcy Court's order entered in the bankruptcy case denying Trustee motion for reconsideration of the order relating the Trustee's objection to claim shed light to the Bankruptcy's Court basis for dismissing the appeal when one reads the order as it states;**

> "Turning to the second argument, the court need not resolve the dispute surrounding the correct amount of the claim 5-2 because, even using the amount alleged by the Trustee ($97,421.00), **the sale of the property could not be approved because the proceeds of the sale would only partially satisfy the DSO claim and leave the DSO claimant homeless"**

4.18 It should be noted that the underlying bankruptcy case was filed on the eve of a contempt hearing on August 5, 2011that is more that eleven 11 years ago. Time in which the DSO creditor has been unable to collect the Domestic Support obligation owed. Appellant is a long-standing Chapter 7 Trustee and its counsel are experience in bankruptcy matters thus it can only be inferred that omitting the transcript of the Hearing held on February 9, 2021 was another tactic of the Trustee to frustrate DSO claimant recovery of her claim. Late justice is no justice, and every single day that goes by after 11 eleven years without collecting a penny of the Domestic Support obligation be the amount claimed is not only prejudicial to the defendant but also to the defendant's

children, the debtor's children. The fact is that the Debtor discharge was entered on November 5, 2013, thus, the debtor has had its fresh start. On the other hand, the Defendant in this case has been held hostage to the impossibility of collecting the Domestic Support Obligation owed as determined by the Stated Court, judgment which was affirmed by the State Court of Appeals. Even though the ordeal that the defendant has been subject to in the last 11 years by the sequestration of her right to collect the domestic support obligation owed the Trustee further pretends to leave the Domestic Support Obligation Claimant homeless. Not only is the DSO claimant prejudiced by the Appellant's conduct but also it is the efficient administration of justice.

**WHEREFOR**E Appellee's respectfully requests that this Honorable Courts dismisses the appeal or in the alternative summarily affirms the Bankruptcy Court decision appealed with any and other relief as is just.

## CERTIFICATE OF SERVICE

**IT IS HEREBY CERTIFIED** that I  electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all parties in the case.

**RESPECFULLY SUBMITTED**

In San Juan, Puerto Rico, on September 7, 2022.

/s/ *Irving K Hernandez Valls*

Irving K Hernandez Valls, Esq USDC 11,382
PO Box 10135
San Juan PR 00908-1135
Tel (787) 922-228
email: ikhlaw @gmail.com

# APPENDIX TABLE OF CONTENT

1   Title Study …..…………………………………………………………   1

2   Pension Judgment ………………………………………………………   2-13

3   Adversary Proceeding Cover Sheet Banco Popular Puerto Rico………………….   14-27

4   Motion for Relief from Stay. DKT. 111 of Case 11-06637-MCF7 ………………   28-46

5   Bayamon Court Order II ………………………………………………..   47-57

6   Minute Resolution. Dckt 157-1 of Case 11-06637-MCF7 …………………………..   58-62

7   Trustee's Individual Estate Property Record and Report Asset Cases ………………   63-65

8   Sworn Statements. Dckt 179-1 of Case 14-00137-MCF ……………………….....…   66-69

9   Appraisal – 381 Via Versalles St. Villas de Reales Dev, Guaynabo Puerto Rico…...…   70-89

10   Adversary Proceeding Cover Sheet. Dkt 91 of Case 11-06637-MCF7 …………..…...   90-95

11   Motion to Withdraw Legal Representation. Filed by creditor Amarilis Gonzalez. Dkt. 105 of Case 11-06637-MCF7…………………………………………………...........   96-97

12   Notice of Appearance and Request for Notice. Filed by creditor Amarilis Gonzalez. Dkt 106 of Case 11-06637-MCF7……………………………………………...…   98

13   Motion Resigning Legal Representation. Filed by creditor Amarilis Gonzalez. Dkt 107 of Case 11-06637-MCF7 …………………………………………………….   99

14   Notice of Appearance and Request for Service of Document. Filed by creditor Amarilis Gonzalez. Dkt 108 of Case 11-06637-MCF7 ……………………………..   100

15   Motion Requesting Authorization to Withdraw as Counsel for Creditor. Filed by creditor Amarilis Gonzalez. Dkt. 126 of Case 11-06637-MCF7 ……………………...   101-102

16   Entry of Appearance. Filed by creditor Amarilis Gonzalez. Dkt. 158 of Case 11-06637-MCF7 ……………………......……………………………..   103-104

17   Motion to Withdraw as Counsel of Record for Creditor Amarilis Gonzalez Garcia. Dkt. 194 of Case 11-06637-MCF7 ………………………………………………   105-107

18   Objection to Claim #5-1. Filed by Plaintiff. Dkt 157 of Case 11-06637-MCF7 ………   108-110

19   Objection to Claim #5-2. Filed by Plaintiff. Dkt. 174 of Case 11-06637-MCF7 ……...   111-124

20   Opposition to Claim #5-2. Filed by Plaintiff. Dkt. 179 of Case 11-06637-MCF7 ……   125-140

21   Reply to Response in Opposition to Objection Claim #5-2. Filed by Plaintiff. Dkt 183 of Case 11-06637-MCF7 …………………………………………………….   141-150

| | | |
|---|---|---|
| 22 | Minute of Proceeding February 19, 2020. Dkt. 184 of Case 11-06637-MCF7 …….... | 151 |
| 23 | Trustee Individual Propery Record and Repost Asset Case. Dkt 188 of Case 11-06637-MCF7 …………………………………………………………… | 152-154 |
| 24 | Opposition to Motion to Dismiss Filed by Asociacion de Residentes de Villa Reales. Dkt. 215 Case 11-06637-MCF7 ………………………………………….. | 155-163 |
| 25 | Opposition to Motion for Relief of Automatic Stay Filed by Asociacion de Residente de Villas Reales Dkt. 216 of Case 11-06637-MCF7..…………….…................... | 164-171 |
| 26 | Amended Objection to Claim #5-2. Filed by Plaintiff. Dkt 231 of Case 11-06637-MCF7 …………………………………………………………………... | 172-183 |
| 27 | Motion Requesting Entry of Summary Judgment. Filed by Plaintiff. Dkt 232 of Case 11-06637-MCF7 …………………………………………………….. | 184-222 |
| 28 | Adversary Proceeding Cover Sheet. Dkt. 1 of Case 14-00137-MCF ……………….. | 223-228 |
| 29 | Answer to Counter Claim. Filed by Plaintiff. Dkt 13 of Case 14-00137-MCF……… | 229-234 |
| 30 | Motion Requesting Entry of Summary Judgment. Filed by Plaintiff. Dkt 45 of Case 14-00137-MCF …………………………………………………………….............. | 235-247 |
| 31 | Reply to Defendant's Objection to Motion for Summary Judgment. Filed by Plaintiff. Dkt. 55 14-00137-MCF …………………………………………………… | 248-265 |
| 32 | Motion in Compliance with Order. Filed by Plaintiff. Dkt 76 of Case 14-00137-MCF …………………………………………………………………………….. | 266-267 |
| 33 | Motion Requesting Entry of Summary Judgment. Filed by Plaintiff. Dkt 77 of Case 14-00137-MCF ………………………………………………………………… | 268-321 |
| 34 | Reply to Opposition to Summary Judgment. Filed by Plaintiff. Dkt 80 of Case 14-00137-MCF…………………………………………………………………….. | 322-339 |
| 35 | Opposition to Defendant's Request for Summary Judgment. Filed by Plaintiff. Dkt 178 of Case 14-00137-MCF…………………………………………………… | 340-370 |
| 36 | Minute of Proceeding. Dkt 229 of Case 14-00137-MCF ………………………… | 371 |
| 37 | Judgment. Dkt. 230 of Case 14-00137-MCF …………………………………….. | 372 |
| 38 | Minutes of hearing on June 8, 2015 of Case DI2006-4055 ………………………… | 373-376 |
| 39 | Amended Proof of Claim ………………………………………………………… | 377-391 |
| 40 | Chapter 7 bankruptcy petition ……………………………………………………. | 392-436 |
| 41 | Opposition to the Motion for Summary Judgement. Dkt 234 of Case 11-06637MCF7 | 437- 456 |

42.  Answer to Interrogatory and Production of Document from April 16th, 2020,
     Mortgage Balance Sheet BPPR…………………………………………………  457