IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF PUERTO RICO

Nos. 22-01102

————————————

NOREEN WISCOVITCH RENTAS AS TRUSTEE FOR THE ESTATE OF JUAN CARLOS BALCELLS GALLARETA

Appellant, v.

AMARILIS GONZALEZ GARCIA

Appellee.

————————————

## OPPOSITION TO MOTION TO DISMISS APPEAL FOR FAILURE TO COMPLY WITH THE RULES 8002, 8009, AND 8018 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE

**TO THE HONORABLE COURT:**

**COME NOW, NOREEN WISCOVITCH-RENTAS as Trustee for the Estate of Juan Carlos Balcells Gallareta** (herein after "Trustee"), the above captioned Appellant, through the undersigned counsel very respectfully avers and prays as follows:

### I.   Factual Background

1. On February 9th, 2022, an Order was entered on the adversary proceeding 14-00137. Dkt.229.

2. On February 10th, 2022, Judgment was rendered on the adversary proceeding 14-00137. Dkt.230.

3. On February 24th, 2022, a Notice of Appeal was filed.

Case 14-00137, Dkt.233.

4.   On February 24th, 2022, the Notice of Appeal was filed. Dkt.233.

5.   On February 28th, 2022, Transmittal form to District Court was docketed. Dkt.235.

6.   On March 1st, 2022, the District Court acknowledge the Appeal. Dkt.236.

7.   On March 7th, 2022, the Receipt of the Notice of Appeal and Statement of Election was presented at docket 240.

8.   On March 17th, 2022, a Motion to Inform the Statement of Issues and Record on Appeal was filed. Dkt.245.

9.   On April 21st, 2022, the Clerk's Certification of Transmittal of Complete Record on Appeal to District Court was entered at docket 248, on that same date the Acknowledgment by the District Court of Certification for Transmittal of Complete Record on Appeal entered also. Dkt.249.

10.  On Certification of Transmittal of Complete Record on Appeal to District Court it is ordered that the appellants brief is due on May 6th, 2022.[1] Appeal No. 22-01102, Doc.4.

11.  On April 27th, 2022, a Motion Requesting Extension of time to file brief was filed. Appeal No. 22-01102, Doc.5.

12.  On April 28th, 2022, an Order was entered granting until

---

[1] Pursuant to Rule 8018 of the Federal Rules of Bankruptcy Procedure the brief for the appeal on this case was due on May 21st, 2022.

June 17th, 2022, to file Appellant's Brief.

13.   On June 17th, 2022, the Appellants Brief was filed. Appeal No. 22-01102, Doc.7.

14.   On July 5th, 2022, Appellee filed a motion stating that the appellant's brief was not served. Appeal No. 22-01102, Doc.8.

15.   On July 6th, 2022, Appellant filed a motion in response stating that the brief was indeed served[2], but apparently to a different address than the one on appellee's motion signature, therefore, they would send the brief to the new address and had opposition to that an additional thirty (30) days were granted to appellee to file their brief.

16.   In accordance with the Court order entered in the docket on July 7, 2022, Appellant served the Appellate Brief in paper form and a CD ROM containing an electronic copy of the Appellant Brief and the Appendix to the Appellee. Appeal No. 22-01102, Doc.11.

**II.   Applicable Law & Analysis**

*i.   Federal Rule of Bankruptcy Procedure 8002 – Notice of Appeal*

17.   "Appeal from a judgment cannot be time barred if the judgment is not entered on a separate document in accord to Rule 9021(a)." *In re Ozark Rest. Co.,* 761 F.2d 481 (8th Cir. 1985).

18.   An order dismissing a case is a final order when judgment

---

[2] By error and/or inadvertence a Certificate of Service was not filed.

is entered on a separate document according to Fed. Rules of Civ. Proc. 58.

19. The Federal Rule of Bankruptcy Procedure 8002 (a)(1) states that the time to file a Notice of Appeal is within fourteen (14) days after de entry of order, ***judgment*** or decree being appealed.[3]

20. On the aforementioned rule, on item (a)(5), it also states that:

> "(5) Entry Defined.
> (A) A judgment, order, or decree is entered for purposes of this Rule 8002(a):
> (i) when it is entered in the docket under Rule 5003(a), or
> (ii) if Rule 7058 applies and Rule 58(a) F.R.Civ.P. requires a separate document, when the judgment, order, or decree is entered in the docket under Rule 5003(a) and when the earlier of these events occurs:
> the judgment, order or decree is set out in a separate document; or 150 days have run from entry of the judgment, order, or decree in the docket under Rule 5003(a)."[4]

21. It is well settled that the time limits established for filing a notice of appeal are "mandatory and jurisdictional." *Yamaha Motor Corp. v. Perry Hollow Mgmt. Co.* (*In re Perry Hollow Mgmt. Co.*), 297 F.3d 34, 38 (1st Cir. 2002) (citations and internal quotations omitted); *Balzotti v RAD Invs., LLC* (*In re Shepherds Hill Dev. Co., LLC*), 316 B.R. 406, 414 (B.A.P. 1st Cir. 2004).

---

[3] Fourteen-Day Period. Except as provided in subdivisions (b) and (c), a notice of appeal must be filed with the bankruptcy clerk within 14 days after entry of the judgment, order, or decree being appealed. Rule 8002 (a)(1), Federal Rules of Bankruptcy Procedure.
[4] Under Fed. Rule of Bank. Proc. 5003(a), Rule 7058, Rule 8002(a)(1) & (5), and Fed. Rules of Civ. Proc. 58(c) & 79(a)(1), Appellant is in compliance with the time of filing the Notice of Appeal.

_Rodríguez v. Banco Popular de Puerto Rico_ (_In re Rodríguez_), 516
B.R. 177, 182, 2014 Bankr. LEXIS 3631, *10

22.   Pursuant to Bankruptcy Rules 8001(a) and 8002(a), an
appellant must file a notice of appeal within 14 days after the
entry of the _**judgment**_, order, or decree of the bankruptcy court.
_Rodríguez v. Banco Popular de Puerto Rico_ (_In re Rodríguez_), _supra_.

23.   Federal Rule of Bankruptcy Procedure 9021 states that "a
judgment or order is effective when entered under Rule 5003."

24.   Bankruptcy Rule 9021, which is derived from Fed. R. Civ.
P. 58, provides that "every judgment entered in an adversary
proceeding or contested matter shall be set forth on a separate
document." _In United States v. Indrelunas_, 411 U.S. 216, 222, 36
L. Ed. 2d 202, 93 S. Ct. 1562 (1973)

25.   The Judgment was entered on the record on February 10th,
2022 and the Notice of appeal was filed on February 24th, 2022.
Therefore, it is indisputable that the Notice of Appeal was filed
within the fourteen (14) days jurisdictional period of time to be
counted from the docket entry of judgment on the adversary
proceeding.

26.   Appellee's allegation that the Notice of Appeal was
filed after the fourteen (14) day period is frivolous in the
extreme.

27.   Appellee states in her Motion to Dismiss at docket 14,
p.3, parr.1.7, and p.4, parr.1.8, that the Notice of Appeal was

timely filed.

### *ii.  Federal Rules of Bankruptcy Procedure 8009 – Statement of Issues and Designation of Record on Appeal*

28.   Federal Rule of Bankruptcy Procedure 8009(a)(1) states that to designate the Record on Appeal and the Statement of the Issues an appellant must:

> (A) The appellant must file with the bankruptcy clerk and serve on the appellee a designation of the items to be included in the record on appeal and a statement of the issues to be presented.
> (B) The appellant must file and serve the designation and statement within 14 days after:
> (i) the appellant's notice of appeal as of right becomes effective under Rule 8002; or
> (ii) an order granting leave to appeal is entered.

29.   The acknowledgment of Appeal by the District Court was entered on March 1st, 2022, and the receipt for the Receipt for Notice of Appeal and Statement of Election was entered on March 7th, 2022.

30.   If the period of time to file the Statement of Issues and Designation of Record on Appeal is to be counted from the receipt, the documents were filed within the fourteen (14) day time frame.

31.   If an appeal is not paid it is considered not to be presented.

32.   In the alternative, such period of time is to be counted from March 1st, 2022, the filing was done only two (2) days after the fourteen (14) day timeframe elapsed, and said term is not

jurisdictional.  **At worst, this was a harmless delay of _two (2)_**

**_days_ that did not impact any party or cause harm to the appellee**.[5]

33.   Appellee also argues that Appellant did not comply with
Fed. Rule of Bankr. Proc. 8009(b)(5) stating that within the time
prescribe appellant can order in writing from the reporter, as
defined in Rule 8010(a)(1), a transcript of such parts of the
proceedings not already on file **as the appellant considers**
**necessary for the appeal**, and file a copy of the order with the
bankruptcy clerk.

34.   The Rule 8009(b)(5) comments state that:

> Under the practice by which each party files his
> own appendix the resulting reproduction of essential
> parts of the record is often fragmentary; it is not
> infrequently necessary to piece several appendices
> together to arrive at a usable reproduction. Too, there
> seems to be a tendency on the part of some appellants to
> reproduce less than what is necessary for a
> determination of the issues presented (see Moran _Towing_
> _Corp. v. M. A. Gammino Construction Co._, 363 F.2d 108
> (1st Cir. 1966); _Walters v. Shari Music Publishing_
> _Corp._, 298 F.2d 206 (2d Cir. 1962) and cases cited
> therein; _Morrison v. Texas Co._, 289 F.2d 382 (7th Cir.
> 1961) and cases cited therein), a tendency which is
> doubtless encouraged by the requirement in present rules
> that the appellee reproduce in his separately prepared
> appendix such necessary parts of the record as are not
> included by the appellant.
> Under the proposed rule responsibility for the
> preparation of the appendix is placed on the appellant.
> If the appellee feels that the appellant has omitted
> essential portions of the record, _**he may require the**_
> _**appellant to include such portions in the appendix**_. The
> appellant is protected against a demand that he

---

[5] It is curious and ironic that Appellee is accusing Appellant of filing the Statement of Issues
and Record on Appeal late when this Court order them to file their brief on September 6th, 2022,
and they did not, they filed a Motion to Dismiss one day after the time limit imposed by the Court
was due.

reproduce parts which he considers unnecessary by the provisions entitling him to require the appellee to advance the costs of reproducing such parts and authorizing denial of costs for matter unnecessarily reproduced.

35.   District courts have discretion to dismiss a bankruptcy appeal where an appellant fails to provide a required transcript, although dismissal of an appeal based on failure to comply with procedural requirements is harsh.   Fed. R. Bankr. P. 8009, 8003. *In re Puntas Associates LLC*, 621 B.R. 85 (2020)

36.   An appellant's failure to include a hearing transcript is not fatal where the reviewing court can discern from the record the basis for the trial court's ruling, and the parties agree that no facts are at issue. See *In re Gagne*, 394 B.R. at 225. *In re Wilson*, 402 B.R. 66 (2009)

37.   Appellant did not consider a transcript needed to appeal the Bankruptcy Court's judgment, and included all documents necessary for the District Court to determine the presented errors.

38.   Nevertheless, Rule 8009(b)(5), also states that Appellee has the right to request additional documents be included in the record on appeal if the appellee considers that they are necessary for the appeal.

39.   Appellee did not request that any additional documents be included in the record from the Clerk of the Court or from the appellant.

40.   Therefore, the appellee may not request dismissal simply

because it now understands that the transcript should be included in the record. And in any event, the appellee could have included the transcript in its appendix.

### iii. *Federal Rule of Bankruptcy Procedure 8018 – Serving and Filing of Briefs; Appendices*

41. The Appellants brief must be filed within thirty (30) days after the docketing of notice that the record has been transmitted or is available electronically.

42. On April 21st, 2022, an Order was entered by the District Court stating that the Appellant's Brief was due on May 6th, 2022. Appeal No. 22-01102, Doc.4.

43. On April 27th, 2022, Appellant file a Motion Requesting Extension of Time to file brief and appendix. Appeal No. 22-01102, Doc.5.

44. The District Court granted said motion on April 28th, 2022, conceding until June 17th, 2022, to file Appellant's brief and appendix. Appeal No. 22-01102, Doc.6.

45. Appellant complied with said order and filed its brief and appendix on June 17th, 2022. Appeal No. 22-01102, Doc.7.

46. Later on, Appellee, representing herself as a licensed attorney, filed an Informative Motion stating that the brief was not served to her actual address. Appeal No. 22-01102, Doc.8.

47. Appellant responded to said motion stating that the brief and appendix were sent to the address on record: P.O. Box

3606595, San Juan, PR 00936-0695; nevertheless, Appellant would send copies again, this time to both addresses, the one on record, and the address found under Appellee's signature on the aforementioned motion at document 8, P.O. Box 984, Guaynabo, Puerto Rico, 00970.

48. Appellant's brief and appendix were served to Appellee, to both addresses, as a hard copy and a CD copy, on July 8th, 2022. Appeal No. 22-01102, Doc.11.

49. Appellee had thirty (30) days from July 8th, 2022, to file her brief, nevertheless, she requested an extension of time, and the Court granted until September 6th, 2022, to file her brief. Appeal No. 22-01102, Doc.12 & 13.

50. On September 7th, 2022, a day after the time limit imposed by the Court, Appellee retained counsel and filed a Motion to Dismiss Appeal. Appeal No. 22-01102, Doc.14.

51. The motion to dismiss filed by Appellee is yet another strategy from Ms. González García to delay proceedings.

52. Federal Rule of Bankruptcy Procedure 8013 does not provide that a Motion to Dismiss tolls the time to file Appellee's brief.

53. Federal Rule 8018(a)(2) of Bankruptcy Procedure state that appellee **_must_** file their brief within thirty (30) days of being served with Appellant's brief. In this particular case, the due date for Appellee's brief was on September 6th, 2022.

54.   It has been almost a month after the Court imposed time frame for Appellee to file a brief, yet no brief has been filed. If any part is incompliant with Fed. Rule of Bankr. Proc. 8018, it is the Appellee.

55.   Therefore, we request that the Court hold that the brief filed by the appellant is unopposed and rule in favor of Appellant.

### iv.   Motion to Dismiss

56.   A notice of appeal that is untimely fails to give us appellate jurisdiction. See, e.g., *In re Turner Spares, Ltd.*, 210 B.R. 235, 236-37 (S.D.N.Y. 1997). When such jurisdiction is lacking, and although no party has raised the issue, we have the duty to dismiss *sua sponte*. See, generally, *Louisville & Nashville R.R. Co. v. Mottley*, 211 U.S. 149, 152, 53 L. Ed. 126, 29 S. Ct. 42 (1908).

57.   In *Parisie v. Greer*, 705 F.2d 882, 891 (7th Cir.) (banc), cert. denied, 464 U.S. 918, 104 S. Ct. 284, 78 L. Ed. 2d 261 (1983), Judge Eschbach, with four judges concurring, stated that if a judgment is not entered on a separate document, "it is conceptually impossible for the appeal to be time barred because the clock never started running." *Cf. Gregson & Assocs. Architects v. Government of the Virgin Islands*, 675 F.2d 589, 593 (3d Cir. 1982) (appellate jurisdiction found because final judgment was not entered on a separate document and thus the notice of appeal could not have been untimely).

58.   Bankruptcy Rule 9021, which is derived from Fed. R. Civ. P. 58, provides that "every judgment entered in an adversary proceeding or contested matter shall be set forth on a separate document." *In United States v. Indrelunas*, 411 U.S. 216, 222, 36 L. Ed. 2d 202, 93 S. Ct. 1562 (1973) (per curiam), the Supreme Court held that the purpose of the separate document requirement of Fed. R. Civ. P. 58 was to eliminate uncertainty as to the date of a final judgment and to further that purpose the rule must be "mechanically applied." *In re Ozark Restaurant Equipment Co.*, *supra*.

59.   The Notice of Appeal on this case was filed timely.

60.   In any case, dismissal for failure to comply with a non-jurisdictional, procedural guideline, such as Rule 8006, is a harsh and drastic sanction. *In re Serra Builders, Inc.*, 970 F.2d 1309, 1311 (4th Cir. 1992) (citation omitted); see *In re CPDC*, 221 F.3d at 699 (citation omitted). *Celulares Telefonica De P.R., Inc. v. Advance Cellular Sys.* (*In re Advance Cellular Sys.*), 262 B.R. 10, 15, 2001 U.S. Dist. LEXIS 6168, *9

61.   In sum, a district court applying Rule 8001(a) for violations of Rule 8006 should consider: (1) whether the appellant was negligent or acted in bad faith; (2) what prejudice, if any, the other interested parties of the bankruptcy proceeding as well as the proceedings themselves incurred as a result of the appellant's failure to perfect the appeal; (3) the strength of the

appellant's explanation for the delay; and (4) the appropriateness of a sanction as measured by the objectives of the relevant Federal Rules of Bankruptcy Procedure. *Celulares Telefonica De P.R., Inc. v. Advance Cellular Sys.* (*In re Advance Cellular Sys.*), *supra.*

62.   Appellee alleges bad faith from part of Appellants counsel where there is none.  It is important to note that there is no evidence to support said allegation of bad faith, much less for an alleged delay in filing of the designation of the record and items on appeal of two (2) days.

63.   The urgency of the proceeding, even if it is a bankruptcy appeal, is out weighted by the number of times the Appellee has caused delays during the proceeding, missed Court dates for hearings or simply omitted to follow Court orders.[6]

64.   Nevertheless, as of to date, Appellants brief, with the errors it contains, is unopposed, therefore, judgment should be granted in favor of Appellant.

**III. Conclusion**

65.   The Notice of Appeal was timely filed in accordance with Fed. R. Bank. Proc. 8002.  The Judgment was entered on February 10, 2022 and the Notice of appeal was filed on February 24th, 2022.[7]

66.   The dismissal of an appeal due to procedural reasons is not the first alternative the Court considers.

---

[6] Appellee alleges that bankruptcy proceedings there is a heightened urgency with regards to the filing deadlines. *See Appellee's Motion to Dismiss, pp.24 & 25.*
[7] See Motion to Dismiss, Dkt.14 p. 3, Parr. 1.7 and p. 4, Parr. 1.8.

67.   Nevertheless, it is Appellee who has not complied with the applicable rules.

68.   If there was any delay from part of the Appellant it did not cause any harm to the Appellee.

**WHEREFORE,** Appellant requests from this Honorable Court that it denies Appellee's Motion to Dismiss and enter judgment in favor of Appellant.

## <u>CERTIFICATE OF SERVICE</u>

**IT IS HEREBY CERTIFIED** that I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all parties in the case and to Amarilis González by regular mail to: PO BOX 3606595 San Juan, PR 00936-0695, and P.O. Box 984, Guaynabo, Puerto Rico, 00970.


Respectfully submitted,


On this 28th day of September 2022.


/s/ Rafael A. Gonzalez Valiente
*USDC*# 225209

**Godreau & González Law**
PO Box 9024176
San Juan, Puerto Rico 00902-4176
Tel : (787)726-0077
rgv@g-glawpr.com