IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF PUERTO RICO

Nos. 22-01102

———————————

NOREEN WISCOVITCH RENTAS AS TRUSTEE FOR THE ESTATE OF JUAN
CARLOS BALCELLS GALLARETA


Appellant,


v.


AMARILIS GONZALEZ GARCIA


Appellee.

———————————

**MOTION FOR RECONSIDERATION OF MEMORANDUM AND ORDER**

**TO THE HONORABLE COURT:**

**COME NOW, NOREEN WISCOVITCH-RENTAS as Trustee for the Estate
of Juan Carlos Balcells Gallareta** (herein after "Trustee"), the
above captioned Appellant, through the undersigned counsel very
respectfully avers and prays as follows:

**I.    FACTUAL BACKGROUND**

1.    On June 17, 2022, Appellant filed its brief on appeal.
*Dkt.* 7.

2.    On September 7, 2022, Appellee, filed a Motion to Dismiss
Appeal for Failure to Comply with Rules.

3.    On February 10, 2023, this Court granted Appellees'

Motion to Dismiss.

## II.  LEGAL BASIS FOR RECONSIDERATION

4.    A Motion for Reconsideration may be entertained pursuant to Rule 59(e) or Rule 60 of the Federal Rules of Civil Procedure, made applicable to this proceeding by Federal Rules of Bankruptcy Procedure 9023 and 9024. A motion for reconsideration pursuant to Rule 59(e) usually cannot be granted absent highly unusual circumstances, unless the court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law. See *Prescott v. Higgins*, 538 F.3d 32, 45 (1st Cir.2008).

5.    Thus, for judicial economy purposes, counsel in a motion for reconsideration must set forth the following: (1) genuine reasons why the court should revisit its prior order; and (2) compelling facts or law in support of reversing the prior decision. See *Frasure v. United States*, 256 F.Supp.2d 1180, 1183 (D.Nev., 2003). Accordingly, a motion for reconsideration must not be used as a vehicle to re-litigate matters already litigated and decided by the Court. See *Standard Quimica de Venezuela v. Central Hispano Int'l, Inc.*, 189 F.R.D. 202 n. 4 (D.P.R., 1999). A motion for reconsideration is unavailable if said request simply brings a point of disagreement between the court and the litigant, or re-argues theories already properly disposed of by the court. See e.g., *Waye v. First Citizen's National Bank*, 846 F.Supp.310, 314

n. 3 (M.D.Pa., 1994); _Resolution Trust Corp. v. Holmes_, 846
F.Supp.1310, 1316 (S.D.Tex., 1994).

### III. DISCUSSION

6.   On February 10, 2023, this Court granted Appellees'
Motion to Dismiss.   In doing so, the Court disregarded that
dismissal is considered a "harsh" punishment for failure to comply
with procedural requirements, such as the provision of a
transcript. _In re Serra Builder_, 970 F.2d 1309 (4th Cir. 1992)

7.   The sanction of dismissal for failure to comply with a
non-jurisdictional, procedural guideline is an extreme sanction
which a district court must not impose lightly. **_Dismissal of an
appeal based on failure to comply with procedural requirements,
like the provision of a transcript, is "harsh"_**. _In re Serra
Builders, Inc._, 970 F.2d 1309, 1311 (4th Cir. 1992); _Puntas Assocs.
LLC v. Chapter 7 Trustee (In re Puntas Assocs. LLC)_, 621 B.R. 85,
88, 2020 U.S. Dist. LEXIS 185166, *4, Bankr. L. Rep. (CCH) P83,575,
__ F. Supp. 3d __, 2020 WL 5909087.

8.   District courts considering a motion for dismissal of a
bankruptcy appeal based on a failure to follow procedural rules
should consider: (1) whether the appellant was negligent or acted
in bad faith; (2) what prejudice, if any, the other interested
parties of the bankruptcy proceeding as well as the proceedings
themselves incurred as a result of the appellant's failure to
perfect the appeal; (3) the strength of the appellant's explanation

for the delay; and (4) the appropriateness of a sanction as measured by the objectives of the relevant Federal Rules of Bankruptcy Procedure. _Celulares Telefónica_, 262 B.R. at 15. _In Celulares Telefónica_, this court also explained that, generally, "a district court need not weigh the impact to a client of a sanction imposed in response to the act or omission of the client's attorney." Id. _Puntas Assocs. LLC v. Chapter 7 Trustee (In re Puntas Assocs. LLC)_, 621 B.R. 85, 88, 2020 U.S. Dist. LEXIS 185166, *5-6, Bankr. L. Rep. (CCH) P83,575, ___ F. Supp. 3d ___, 2020 WL 5909087.

9.   Similarly, the district court must take at least one of the following steps in determining whether to dismiss a party's bankruptcy appeal for violating Rule 8006 of the Bankruptcy Code: (1) make a finding of bad faith or negligence; (2) give the appellant notice and an opportunity to explain the delay; (3) consider whether the delay had any possible prejudicial effect on the other parties; or (4) indicate that it considered the impact of the sanction and available alternatives. _In re Serra Builders, Inc._, 970 F.2d 1309, 1309, 1992 U.S. App. LEXIS 14263, *1, Bankr. L. Rep. (CCH) P74,703, 27 Collier Bankr. Cas. 2d (MB) 129, 23 Bankr. Ct. Dec. 151.

10.   Thus, it has been established that as a general rule the district court has to consider alternative sanctions to dismissal, something that has not happened in the instant case. _In re_

*Fitzsimmons*, 920 F.2d 1468, 1469, 1990 U.S. App. LEXIS 21008, *1, Bankr. L. Rep. (CCH) P73,741, 24 Collier Bankr. Cas. 2d (MB) 562, 90 Cal. Daily Op. Service 8954, 90 Daily Journal DAR 13869

11.   The general rule (consideration of alternative sanctions and relative fault) regarding non-jurisdictional dismissal must be read in harmony with another principle: "In 'egregious circumstances' a court may dismiss a case for noncompliance with procedural rules without explicit consideration of alternative sanctions." *Donovan*,     871     F.2d     at     808-09. *In re Fitzsimmons*, *supra.*

12.   Unless there are egregious circumstances, the district court must explicitly consider relative fault and alternative sanctions[1]. *In re Fitzsimmons*, *supra.*

13.   The bottom-line policy consideration is whether the sanction of dismissal matches the conduct at issue. Consequently, the court does not read the general rule to require reversal and remand in a case where the sanction was clearly warranted. Rather, the court reads the general rule as a safeguard to ensure that the dismissal is fair. *In re Fitzsimmons*, *supra.*

> Under these rules, it devolves upon appellant to see that the record is brought to the court with such of the proceedings of the trial court as may be necessary for the

---

[1] *In re Winner Corp.*, 632 F.2d 658, 661 (6th Cir. 1980) (court found no evidence of bad faith which would justify dismissal on the basis of insufficient designation of the record); *In re France*, 63 Bankr. 775, 776 (D. N.H. 1986) (absent evidence of prejudice to defendant, or of bad faith, dismissals under Bankruptcy Rules will rarely be granted.); and *In re Bienert*, 48 Bankr. 326, 327 (N.D. Iowa, 1985) (refusal to dismiss for non-compliance with Bankruptcy Rule 8006 because there was no bad faith).

proper presentation of the points on which he intends to rely [Rule 75(d)], and for lack of such record the court has the power to dismiss the appeal. *Hill v. Railroad Company*, 129 U.S. 170, 9 S.Ct. 269, 32 L.Ed. 651; *Keene v. Whittaker*, 13 Pet. 459, 38 U.S. 459, 10 L.Ed. 246. This power, however, should not be exercised generally unless the omission arose from negligence or indifference of appellant and, where good faith is shown, appellee will be directed to designate such additional papers, documents and proof used on the hearing below as he deems necessary for a proper presentation of the case and appellant will be required to file the same as a part of the record under penalty of a dismissal of the appeal ( *Cunningham v. German Insurance Bank*, 6 Cir., 103 F. 932), or the court, in order to avoid injustice, may, on a proper suggestion or on its own motion, direct that the omission be corrected by a supplemental transcript or remand the cause for a finding on controverted fact questions. *Kelly v. Central Hanover Bank & Trust Company*, 2 Cir., 85 F.2d 61; Rule 75(h) of Rules of Federal Procedure. We are of the opinion the record here shows such indifference to the rules on the part of appellant as to require dismissal of the appeal. *In re Meifert*, 6 Cir., 57 F.2d 861. [**7] [*551] *Drybrough v. Ware*, 111 F.2d 548, 550-551, 1940 U.S. App. LEXIS 3688, *5-7

14.   In this case, Trustees' conduct was not the product of willfulness, bad faith or fault; Trustee did not disobey a court order prior to dismissal; the court did not consider alternative sanctions; and, lastly the appellee did not suffer prejudice.

15.   In case that the dismissal stands, the Estate, and therefore, the creditors will suffer from it.

16.   The power [to dismiss], however, should not be exercised generally unless the omission arose from negligence or indifference of appellant and, where good faith is shown, . . . the court, in order to avoid injustice, may, on a proper suggestion

*or on its own motion, direct that the omission be corrected by a supplemental transcript or remand the cause for a finding on controverted fact questions*. *Drybrough*, supra at 550. *In re Winner Corp.*, 632 F.2d 658, 661, 1980 U.S. App. LEXIS 13671, *7-8, Bankr. L. Rep. (CCH) P67,802, 7 Bankr. Ct. Dec. 161

17.   In considering the question sought to be raised by the appeal, it must be remembered that this court is not bound to reverse for errors which are not prejudicial (*In re McDuff*, 5 Cir., 101 F. 241; *Fisher v. Cushman*, 1 Cir., 103 F. 860, 51 L.R.A. 292; Lazarus, Michel & Lazarus v. Harding, 5 Cir., 223 F. 50; In re Boston Dry Goods Company, 1 Cir., 125 F. 226; *Higginbotham-Bailey-Logan Co. v. International Shoe Co.*, 5 Cir., 29 F.2d 994; *In re Hoffman*, 7 Cir., 17 F.2d 925; Rules of Federal Procedure, rule 61, 28 U.S.C.A. following section 723c), and the burden is on him who alleges error to show that it existed and was prejudicial. *Marin v. Ellis*, 8 Cir., 15 F.2d 321; In re Maki, 6 Cir., 18 F.2d 89.


18.   "We are reluctant to base our decision on a defective record and, before arriving at this conclusion, have carefully studied it in order to avoid an injustice, but viewing the factual matters presented to us in the light most favorable to appellant..." *Drybrough v. Ware, 111 F.2d 548, 551, 1940 U.S. App. LEXIS 3688, *7*

19.   Our judicial system thrives on the policy of "favoring

the resolution of cases on  the merits. See, e.g., _Am.  Alliance_
_Ins. Co. v. Eagle Ins. Co._, 92 F.3d 57, 61 (2d Cir.
1996); _Teamsters, Chauffeurs, Warehousemen & Helpers Union v._
_Superline Transp. Co._, 953 F.2d 17, 19 (1st Cir. 1992). Put another
way, transfer is presumptively preferable because the dismissal of
an action or appeal that might thrive elsewhere is not only
resource-wasting but also justice-defeating. See _Cruz-Aguilera v._
_INS_, 245 F.3d 1070, 1074 (9th Cir. 2001).
_Britell v. United States_, 318 F.3d 70, 74, 2003 U.S. App. LEXIS
1343, *10-11

20.  Generally, legal policy prefers case resolution on the
merits. _Am. Metals Serv. Exp. Co. v. Ahrens Aircraft, Inc_., 666
F.2d 718, 720 (1st Cir. 1989); see also 11 Charles Alan Wright &
Arthur Miller, Federal Practice and Procedure § 2857 (2d ed. 2010)
(hereinafter "Wright & Miller"). _Tuckerbrook Alternative Invs., LP_
_v. Banerjee_, 754 F. Supp. 2d 177, 180, 2010 U.S. Dist. LEXIS
125830, *5-6

21.  In other words, Trustee did not act in bad faith with
regards to the filing of the hearing transcript, it was an honest
mistake that does not deserve dismissal as a punishment.

22.  **_The appeal should be supplemented with the transcript so_**
**_that this Honorable Court can decide the case on its merits_**.

23.  On the other hand, the prejudice that will affect the
Estate and creditors because of the dismissal is not comparable to

any prejudice suffered by the appellee here.

24.   In determining whether conduct is sufficiently serious to warrant the harsh action of dismissal, the court must consider all of the factors involved. *Velazquez-Rivera v. Sea-Land Service, Inc.*, 920 F.2d 1072, 1073, 1990 U.S. App. LEXIS 21847, *1, 18 Fed. R. Serv. 3d (Callaghan) 588

25.   Isolated oversights should not be penalized by dismissal. Dismissal under Fed. R. Civ. P. 16 has been considered an appropriate sanction where the party has engaged in a pattern of disobedience or noncompliance with court orders, including failing to appear at scheduled conferences, so that the court concludes that no lesser sanction is warranted.

26.   Parties should not be denied relief solely because of a procedural error or unless clearly contumacious behavior is involved, however. Dismissals under those circumstances would be an abuse of discretion. *Velazquez-Rivera v. Sea-Land Service, Inc.*, *supra*.

27. Although the threat of severe sanctions for any infraction will tend to make attorneys diligent, even diligence will not prevent all human error. Inadvertent failures should be sanctioned to compensate both the court and the opposing party for harm caused, but we see little, if any, additional deterrence to be accomplished by exercising the ultimate sanction of dismissal. *Velazquez-Rivera v. Sea-Land Service, Inc.*, *supra*.

28.  An abuse of discretion does not need to be glaring to justify reversal. In a close case, doubts should be resolved in favor of adjudicating contested claims on the merits. _Velazquez-Rivera v. Sea-Land Service, Inc._, _supra_.

29.  The sanction of dismissal "'is a harsh sanction,' which runs counter to our 'strong policy favoring the disposition of cases on the merits.'" _Figueroa Ruiz v. Alegria_, 896 F.2d 645, 647 (1990) (quoting _Richman v. General Motors Corp._, 437 F.2d 196, 199 (1st Cir. 1971); _Zavala Santiago v. Gonzalez Rivera_, 553 F.2d 710, 712 (1st Cir. 1977)). Therefore, the First Circuit has instructed that "such an option should be employed **_only when a plaintiffs' misconduct has been extreme_**," which includes "extremely protracted inaction, disobedience of court orders, ignorance of warnings, contumacious conduct..., or some other aggravating circumstance..." Id. (_quoting_, _Cosme Nieves v. Deshler_, 826 F.2d 1, 2, (1st Cir. 1987)). _Somascan Plaza, Inc. v. Siemens Med. Sys., Inc._, 187 F.R.D. 34, 46, 1999 U.S. Dist. LEXIS 6231, *38-39 [Emphasis added]

30.  If the Court accepts this Motion for Reconsideration, the Trustee will submit a supplement to the Brief with the Transcript which will cure the deficiency and allow adjudication on the merits. _See Exhibit 1 – Transcript of Hearing._

31.  In this case Trustee conduct has not been disobedient nor willful.  The Trustee has not incurred in any conduct that

should result in the dismissal of the appeal.

### IV.   CONCLUSION

32.   Trusteed did not acted in bad faith with regards to the filing of the hearing transcript, it was an honest mistake that does not deserve dismissal as a punishment. The appeal can be supplemented with the transcript so that this Honorable Court can decide the case on its merits.

33.   The prejudice that will affect the Estate and creditors because of the dismissal is not comparable to any suffered by the appellee here.

**WHEREFORE,** Trustee requests from this Honorable Court to take note of the above and reconsider its Memorandum and Order dismissing the appeal at hand.

### <u>CERTIFICATE OF SERVICE</u>

**IT IS HEREBY CERTIFIED** that I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all parties in the case and to Amarilis Gonzalez by regular mail to: PO BOX 984 Guaynabo, PR 00970.

Respectfully submitted,

On this 14th day of February 2023.

/s/ Rafael A. Gonzalez Valiente
*USDC*# 225209

**Godreau & González Law**
PO Box 9024176
San Juan, Puerto Rico 00902-4176

Tel : (787)726-0077
rgv@g-glawpr.com