IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>JUAN CARLOS BALCELLS-GALLARETA,<br><br>**Debtor.** | **Bankruptcy Nos.** 11-6637; 14-137 |
| NOREEN WISCOVITCH-RENTAS,<br><br>**Appellant,**<br><br>v.<br><br>AMARILIS GONZÁLEZ-GARCÍA,<br><br>**Appellee.** | **Civil No.** 22-1102 (FAB) |

**MEMORANDUM AND ORDER**

BESOSA, District Judge.

Appellant Noreen Wiscovitch-Rentas ("Wiscovitch" or "trustee") appeals the United States Bankruptcy Court for the District of Puerto Rico ("bankruptcy court")'s order dismissing an adversary proceeding between the estate of debtor Juan Carlos Balcells-Gallareta ("Balcells") and his former spouse, Amarilis González-García ("González"). Docket No. 7; see Adv. Pro. 14-137. González moves to dismiss the appeal for failure to comply with Federal Rule of Bankruptcy Procedure 8009(a)(4) ("Rule 8009(a)(4)"). (Docket No. 14.) For the reasons set forth below, González's motion to dismiss is **GRANTED**. Id.

Civil No. 22-1102 (FAB)                                                        2

**I.   Background**

Balcells and González obtained a divorce decree from the Puerto Rico Court of First Instance, Bayamon Superior Division, in 2011.  (Docket No. 7 at p. 9.)  Subsequently, Balcells filed a bankruptcy petition pursuant to Chapter 7 of the Bankruptcy Code. Id. at p. 10.  Wiscovitch is the trustee of this bankruptcy estate.

The marital property is a source of acrimony between the parties, the "only significant asset of [Balcells'] estate." Id. at pp. 17-18.  González and the couple's two minor children remained in this residence after the divorce.  Id. at p. 9. Wiscovitch requested authorization from the bankruptcy court to sell this property pursuant to 11 U.S.C. section 363(h) ("section 363(h)").  Id. at p. 12.  This provision provides that:

> The trustee may sell both the estate's interest . . . and the interest of any co-owner in property in which the debtor had, at the time of the commencement of the case, an undivided interest as a tenant in common, joint tenant, or tenant by the entirety, only if [*inter alia*] the benefit to the estate of a sale of such property free of the interests of co-owners outweighs the detriment, if any, to such co-owners.

11 U.S.C. § 363(h)(3).  The adversary proceeding pertaining to this request commenced in 2014.  Adv. Pro. 14-137.  After eight years of contentious litigation, the bankruptcy court dismissed the adversary proceeding for "reasons stated in open court" on February 9, 2022. Adv. Pro. 14-137, Docket No. 229.  Wiscovitch

Civil No. 22-1102 (FAB)                                                    3

then filed a timely notice of appeal.  Id., Docket No. 233.  The trustee did not, however, provide a transcript of the bankruptcy court's oral order of dismissal.

**II. Applicable Law**

The appellant is responsible for serving "the appellee a designation of the items to be included in the record on appeal and a statement of issues to be presented."  Fed. R. Bankr. P. 8009(a)(1); see Rivera-Siaca v. DDC Operating, Inc., 416 B.R. 9 (D.P.R. 2009) (Besosa, J.); In re Abijoe Realty Corp., 943 F.2d 121, 123 n.1 (1st Cir. 1991) ("The responsibility for voids in the appellate record must reside with the party whose claim of error depends for its support upon any portion of the record of the proceedings below which was omitted from the designation of the record on appeal.").  The record shall consist of "any opinion, findings of fact, and conclusions of law relating to the issues on appeal, **including transcripts of all oral rulings**."  Fed. R. Bankr. P. 8009(a)(4) (emphasis added).  Failure to provide the transcript of an oral order is "fatal to an appeal" when the district court "is unable to determine the legal foundation of the bankruptcy court's rulings, or whether the bankruptcy court made any initial oral findings and rulings."  Wilson v. Wells Fargo Bank, N.A., 402 B.R. 66, 69 (Bankr. 1st Cir. 2019).

Civil No. 22-1102 (FAB)                                                    4

**III. Discussion**

González contends that the absence of the transcript for the oral order of dismissal "precludes this Court from deciding . . . this appeal." (Docket No. 14 at p. 11.) The Court agrees with this assessment. A review of the bankruptcy court's section 363(h) analysis without the transcript is not feasible. For example, how would the sale of the marital property benefit the estate? Do these benefits outweigh any putative harm sustained by González? Reversal of a bankruptcy court's order cannot rest on speculation and inference.

Wiscovitch concedes that the transcript is not in the record. She did not, however, "consider a transcript needed to appeal the Bankruptcy Court's judgment." (Docket No. 19 at p. 8.) Litigants assume that the rules of procedure are superfluous at their own risk.

Wiscovitch also attempts to shift the burden of perfecting the record to González. According to the trustee, González "could have included the transcript in its appendix." Id. at p. 8. Projecting blame for a procedural oversight is not an effective litigation strategy. The only party responsible for transmitting the record is Wiscovitch. See In re Payeur, 22 B.R. 516, 519 (B.A.P. 1st Cir. 1982) ("[T]he responsibility for presenting an adequate record on appeal rests squarely with the appellant. Such

Civil No. 22-1102 (FAB) 5

record should contain the documentation necessary to afford the reviewing court a complete understanding of the case. Appellant's responsibility includes providing the court with an adequate transcript."). Accordingly, González's motion to dismiss is **GRANTED**. See Wilson, 402 B.R. at 69 (affirming the dismissal of an appeal because the "debtor did not include the transcripts of either hearing, and the bankruptcy court did not state in the Orders the basis on which it denied confirmation and reconsideration"); Puntas Assocs. LLC v. Chapter 7 Tr., 621 B.R. 85, 87 (D.P.R. 2020) (dismissing a bankruptcy appeal because the appellant failed "to include a transcript of a hearing") (Besosa, J.); Morrison v. Morrison, 661 Fed. Appx. 573, 575 (11th Cir. 2016) (affirming the dismissal of a bankruptcy proceeding because the debtor [failed] to request a transcript of her testimony" in violation of Rule 8009(a)(4)); Sandra Cotton, Inc. v. Bank of New York, 87 B.R. 272, 273 (W.D.N.Y. 1988) (dismissing a bankruptcy appeal because the debtor "has taken [no] steps necessary to have the transcript ordered and filed" on the docket).

**IV. Conclusion**

For the reasons set forth above, González's motion to dismiss is **GRANTED**. (Docket No. 14.) This appeal is **DISMISSED with prejudice.**

Judgment shall be entered accordingly.

**IT IS SO ORDERED.**

San Juan, Puerto Rico, February 10, 2023.

<u>s/ Francisco A. Besosa</u>
FRANCISCO A. BESOSA
SENIOR UNITED STATES DISTRICT JUDGE